AUGUSTA H. STAPLES, APPELLANT, *v.* JOHN B. J. FENTON AND OTHERS, RESPONDENTS.

*Possession — when not notice.*

Possession, to operate as notice, should be inconsistent with the title. A, the owner in fee and in possession of property, conveyed it to B, taking back a lease for life and retaining possession of the property. B, before the lease was recorded, gave a mortgage on the property to C, who made reasonable inquiries of B as to liens, etc.: *held*, that the possession of A was not such as to give notice to C of her rights in the premises.

APPEAL from a judgment entered in an action brought to foreclose a mortgage on property in Orange county.

*Cassedy & Brown*, for the appellant. Under the circumstances of this case, Mrs. Fenton's possession was not such notice as to give her unrecorded life-lease priority over this mortgage. (*Cook* v. *Travis*, 22 Barb., 338 ; S. C., 20 N. Y., 400.) This mortgagee used really more diligence than was required. She had her father make a search in the clerk's office, which disclosed this deed and that there was nothing recorded subsequently ; and, previous to the mortgaging, her father asked the owner if it was all free and clear, and was informed it was.

SECOND DEPARTMENT, JULY TERM, 1875.

*N. Reeve,* for the respondent, Rachel A. Fenton. The plaintiff, through her agent, had such notice of the life-lease as to make it a prior lien to her mortgage. (*Grimstone* v. *Carter,* 3 Paige, 421; sustained in *Williamson* v. *Brown,* 15 N. Y., 354.) "It is true that when a tenant is in possession of the premises, a purchaser has implied notice of the nature of his title." (2 Myl. & Keene, 629.) "Absence of ordinary caution is equivalent to notice of the facts." (1 You. & Coll. Ex. Rep., 303.) "Whatever is sufficient to make it his duty to inquire as to the rights of others, is considered legal notice to him of those rights." (*Tuttle* v. *Jackson,* 6 Wend., 226.) The doctrine of notice, as laid down in *Tuttle* v. *Jackson,* and other cases hereinbefore cited, is recognized through all the cases touching this question. (*Vide Grosvenor* v. *Lynch,* 2 Paige, 300; *Troup* v. *Herbert,* 10 Barb., 354; *Webster* v. *Van Steenberg,* 46 id., 211; *Trustees, etc.,* v. *Wheeler,* 59 id., 585; *Brown* v. *Volkeming,* N. Y. Com. Pleas, reported in Daily Register, April 17, 1875.)

TAPPEN, J.:

The defendant, Rachel A. Fenton, was the owner and occupant of a house and lot in the city of Newburgh, and in the year 1866 she conveyed the same to her son, John B. J. Fenton, in fee. The consideration expressed was $2,500. At the same time the grantee executed to his mother, the grantor, a lease of the premises for her natural life, at $100 per year. The conveyance was recorded in due time. The lease was not recorded until the year 1874. Before that time, and without notice of such lease, and after examining the record and asking the owner, John B. J. Fenton, as to liens, and being informed there were none, the plaintiff, in the year 1871, loaned to him the sum of $1,500 and took a mortgage on said premises therefor, and seeks to foreclose the same by this action.

The defendant Rachel Fenton sets up the life-lease and claims an interest in the premises prior to plaintiff's mortgage. She prevailed at the trial, and the plaintiff had judgment of foreclosure and sale, but subject to such lease, which was declared to be a prior lien. There was no change in Rachel Fenton's possession. The possession she had while owner, she continued to have while lessee.

The plaintiff, admitting the general rule that possession of land

is notice to others of the possessor's title, claims that such rule does not govern the question presented in this case, in view of the facts disclosed. In *Cook* v. *Travis* (20 N. Y., 400) the question is examined, and it is held that the rule is to govern and apply according to the special circumstances of the case.

The fact that Mrs. Fenton had once been owner; that she conveyed to her son, and that there had been no change in the possession; the inquiry made by the plaintiff of Fenton, and an examination of the records disclosing no liens; and Mrs. Fenton's omission to record her lease, which, although dated in the year 1866, was not proven or recorded until the year 1874, three years after the making and recording of plaintiff's mortgage, present the question of the plaintiff's superior lien in a very forcible light.

Possession, to operate as notice, should be inconsistent with the title upon which the possessor relies. Here the defendant Rachel conveyed an estate in fee, and the conveyance was recorded. She also accepted, but did not record a life-lease; and there was no change in possession, so that there was nothing to put the plaintiff upon inquiry. The plaintiff was, however, reasonably diligent in making inquiry as to title, etc. (*Reed* v. *Gannon*, 50 N. Y., 350), and should, within the case of *Cook* v. *Travis*, have judgment in her favor as against Mrs. Fenton.

The decree should, therefore, be modified and declare as follows, to wit: That the plaintiff's mortgage is a lien superior to the defendant's life-lease; that the plaintiff recover costs of the defendants, and that the defendant Rachel Fenton do not recover costs of the plaintiff. Costs of this appeal to the plaintiff.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Ordered accordingly.

# MEMORANDA