(28 App. Div. 495.)

SEYMOUR v. SEYMOUR et al.

(Supreme Court, Appellate Division, Second Department.    April 19, 1898.)

1. GIFT—CONSIDERATION.
    The word "gift" necessarily involves absence of consideration.
2. ESTOPPEL—VIOLATION OF CONTRACT—EQUITABLE RELIEF.
    In an action to compel the execution of a mortgage, plaintiff claimed that
    defendant had agreed to execute it in consideration of her, voluntarily and
    as a favor, releasing a mortgage she formerly had on his land, while he con-
    tended that the release was given "in consideration for plaintiff's future
    support by defendant." It appeared that plaintiff was living with defend-
    ant, and that thereafter he ordered her to leave. *Held*, upon defendant's
    appeal, that defendant, having violated the alleged agreement, was not in
    a position to set it up as a basis for relief from the judgment.
3. VENDOR AND PURCHASER—NOTICE.
    A purchaser of real property is chargeable with notice of the equitable
    rights of third parties therein if, at the time of purchase, he has information
    sufficient to put him upon inquiry.

Appeal from special term.

Action by Martha Seymour against William Seymour and Maria D.
Seymour.    From a judgment in favor of plaintiff, defendants appeal.
Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and
WOODWARD, JJ.

William P. Fiero, for appellants.
David W. Travis, for respondent.

WOODWARD, J.    On the 4th day of May, 1892, the plaintiff in this
action, a maiden aunt of the defendant William Seymour, loaned him
the sum of $2,000, taking a mortgage, in which the defendant Maria
D. Seymour joined, upon the farm of the defendant William Seymour,
in the town of Yorktown, Westchester county.    This mortgage was
duly recorded.    Subsequently, and on the 24th day of July, 1894, the
plaintiff in this action delivered a discharge and satisfaction of this
mortgage to the defendant William Seymour, and this discharge was
duly entered in the records of the county.    On the 1st day of May,
1897, the defendant William Seymour made, executed, and delivered
to the defendant Maria D. Seymour a deed of conveyance of the prop-
erty against which the mortgage had been a lien and incumbrance.
On the 19th day of May, 1897, this action was commenced to compel
the specific performance by the defendants of an oral agreement
alleged to have been made by the defendant William Seymour at the
time of the giving of the satisfaction of the mortgage.    The plaintiff
alleges that, on the occasion of her giving the satisfaction of the mort-
gage, she was approached by the defendant William Seymour upon
the street in Peekskill, and asked to sign the satisfaction, as it was
necessary to enable him to place a first mortgage upon the property
for the sum of $1,000, which he was desirous of securing, and that he
promised her that, if she would do this, he would give her another
mortgage at the end of one year, and that he would make it all right
with her.    There is no pretense that any part of the mortgage or
interest was paid.    It is conceded that none had been paid, but the

defendant William Seymour sets up in his answer that this discharge was a gift to him in "consideration for her future support and maintenance by him." The trial court finds in favor of the plaintiff, declaring "that, before said certificate of satisfaction was executed by plaintiff, defendant William Seymour agreed to execute a new mortgage in place of said mortgage so satisfied of record, and said certificate of satisfaction was executed by plaintiff pursuant to said agreement." The court then directs judgment in favor of the plaintiff, and against the defendants, decreeing specific performance of the agreement to execute a mortgage, as alleged in the complaint, and "as stated in said finding, with costs, and an additional allowance to plaintiff of the sum of one hundred dollars."

We find no reason to disturb the findings of the trial court, or to disagree with the judgment. The answer of the defendant William Seymour was that the act of the plaintiff in discharging the mortgage of record was a "gift to this defendant, in consideration for her future support and maintenance by him." It could not have been a gift. "A gift," says Bouvier's Law Dictionary, "is the act by which the owner of a thing voluntarily transfers the title and possession of the same from himself to another person, without any consideration. It differs from a grant, sale, or bargain in this: that in each of these cases there must be a consideration, and a gift, as the definition states, must be without consideration." If it was given for a consideration, it was a contract; and, if the consideration was that named in the answer of the defendant William Seymour, it appears from the evidence that he has himself repudiated that contract by ordering the plaintiff to leave his home; and, while this has no particular bearing upon the merits of the case made by the plaintiff, it may be taken into consideration in determining the degree of good faith with which the defendant William Seymour has acted in the premises, and his right to consideration in a court of equity. He comes into this court as an appellant. His appeal is to the equitable jurisdiction of this court, and with the undisputed fact in evidence that he had turned her out of his home, thus violating the consideration of the contract which he alleges in his defense, he asks for relief from the judgment of the trial court, thus doing violence to the spirit of that rule of equity which demands that he who seeks equity must do equity. There having been no gift, and the principal defendant having violated the agreement which he asserts in his answer, the trial court was peculiarly justified in accepting the entirely reasonable and consistent statement of facts made by the plaintiff, and there can be no question of the justness of the judgment.

There is, in our opinion, but one question about which there can be any real controversy. There is no reasonable question that the version of the transaction made by this plaintiff is true. She is a woman 70 years of age. At the time of the execution of this satisfaction piece, she was living in the home of these defendants, with her favorite nephew. He was her adviser and confidential relative. He had borrowed $2,000 of her money, and finding himself in need of more money, and without the means of securing it unless the previous mortgage was satisfied, he went to her, and made such representations as

were necessary to get her to sign the release or satisfaction; and there can be no reasonable doubt, from all the circumstances developed at the trial, that the defendant William Seymour made just the promise which the plaintiff says he made. The only question, then, is whether the defendant Maria D. Seymour is a bona fide purchaser of the mortgaged property, without notice of the equities of this plaintiff. If she is, then her equities are equal or superior to those of the plaintiff, and she cannot be compelled to sacrifice her rights.

"Another class of constructive frauds," says Story's Equity Jurisprudence (volume 1, § 395), "consists of those where a person purchases with full notice of the legal or equitable title of other persons to the same property. In such cases he will not be permitted to protect himself against such claims, but his own title will be postponed, and made subservient to theirs. It would be gross injustice to allow him to defeat the just rights of others by his own iniquitous bargain. He becomes by such conduct particeps criminis with the fraudulent grantor; and the rule of equity as well as of law is, 'Dolus et fraus nemini patrocinari debent.' And, in all such cases of purchases with notice, courts of equity will hold the purchaser a trustee for the benefit of the persons whose rights he has thus sought to defraud or defeat; * * * for it has been significantly said that although a purchaser may buy an incumbrance, or lay hold on any plank to protect himself, yet he shall not protect himself by the taking of a conveyance from a trustee with notice of the trust; for he thereby becomes a trustee, and he must not, to get a plank to save himself, be guilty of a breach of trust."

Did the defendant Maria D. Seymour have notice of the equities of the plaintiff when she purchased, for a consideration of one dollar, the farm of the defendant William Seymour, her husband? We think that she did. She knew of the original mortgage, because she was a party to that transaction. She knew that it had never been paid. She knew of the second mortgage, and of the conditions that were necessary to secure the money; and her testimony that the plaintiff said to her a number of times, "Don't you say anything so 'Liz' will hear that I gave him the mortgage," and that "I wish I had kept that mortgage in my name as long as I lived, so, if anything had happened in his business, it would have been that much saved," is not inconsistent with the contention of the plaintiff, and does not amount to a declaration of a gift to the defendant William Seymour. It was simply the manifestation of anxiety on the part of an old lady lest her imprudent act in trusting her nephew should call down upon her the wrath of a sister, or that her rights in the property might be involved by the business troubles of her nephew. The defendant Maria D. Seymour testifies that she left her husband in September, and came back to live with him the following May, and that the plaintiff was not there at the time of her return, thus confirming the testimony that the plaintiff, who is alleged to have made this gift in consideration of her future support, was turned out of the house of the defendants as one of the conditions precedent to the return of the wife. The transfer was made to the wife at about the time of her return home, and the fact that it was made for a nominal money consideration, under

all the circumstances of the case, opens it to suspicion, and one which justified the trial court in its conclusion that she was a party to the attempted fraud upon this plaintiff, and therefore liable as a trustee to the amount of the plaintiff's claim.    It is not necessary to show that the defendant Maria D. Seymour had actual notice of the plaintiff's claim.    She had sufficient knowledge of the relations of the parties, the transactions which had taken place, and the obligations which existed, to put her upon inquiry.    It was not enough for her to rely upon the incidental remarks of the plaintiff in relation to the so-called "gift."    She was bound, in good faith, to have made inquiry as to whether the plaintiff had been satisfied upon the previous mortgage; and a failure to do so, under the circumstances of this case, is an evidence of bad faith, in harmony with the entire transaction, which justifies the conclusion that fraud was intended, and that both of the defendants were parties to that fraud.

In the case of Jones v. Smith, 1 Hare, 43, Vice Chancellor Wigram examined the cases in reference to constructive notice very largely, and upon that occasion said:

"It is, indeed, scarcely possible to declare a priori what shall be deemed constructive notice, because, unquestionably, that which would not affect one man may be abundantly sufficient to affect another.    But I believe I may, with sufficient accuracy for my present purpose, and without danger, assert that the cases in which constructive notice has been established resolve themselves into two classes:    First, cases in which the party charged has had actual notice that the property in dispute was, in fact, charged, incumbered, or in some way affected, and the court has thereupon bound him with constructive notice of facts and instruments to a knowledge of which he would have been led by an inquiry after the charge, incumbrance, or other circumstance affecting the property of which he had actual notice; and, secondly, cases in which the court has been satisfied, from the evidence before it, that the party charged had designedly abstained from inquiry for the very purpose of avoiding notice."

This view was taken by Chancellor Kent in the case of Sterry v. Arden, 1 Johns. Ch. 260, 267, where he says:

"He declares in his answer that he had no knowledge or notice of the conveyance of 1805 when he purchased, and there is not proof to contradict this answer.    But I hold him chargeable with constructive notice or notice in law, because he had information sufficient to put him upon inquiry."

It seems to us clear that the defendants have undertaken to force the plaintiff in this action to contribute to them a larger share of her property than she intended, and that the transaction is so tainted with fraud that this court cannot do less than to affirm the judgment of the court below; and it is so ordered.    All concur.