(29 Misc. Rep. 253.)

### DAVIES v. JONES et al.

(Supreme Court, Special Term, Oneida County. October, 1899.)

1. MORTGAGES—ASSIGNMENTS—REGISTRATION.

 1 Rev. St. pt. 2, c. 3, § 1, providing that every conveyance of real estate not recorded in the office of the clerk of the county where it is situate is void as to subsequent purchasers in good faith and for a valuable consideration, applies to assignments of recorded real-estate mortgages.

2. SAME—BONA FIDE PURCHASER.

 Though failure to deliver a mortgage with an assignment thereof to assignee, in the absence of an explanation, deprives the assignee of the character of a bona fide purchaser, as to the holder of a prior unrecorded assignment with the mortgage, yet, where the mortgagee told such assignee that he had lost the mortgage, and the assignee and her daughter a short time before the assignment joined the mortgagee in a fruitless search for it, the assignee is not bound, in order to take in good faith, to inquire further as to the whereabouts of the mortgage.

**8. SAME—NOTICE TO MORTGAGOR.**
Failure of an assignee of a mortgage, where the assignment was not accompanied by a delivery of the mortgage, to give the mortgagor notice of the assignment, is not evidence of knowledge on the part of the assignee of the existence of a prior unrecorded assignment, where the mortgage did not draw interest, and was not payable until after the death of the mortgagee.

**4. SAME—RECORDING—NOTICE.**
Under 1 Rev. St. pt. 2, c. 3, § 1, providing that every conveyance of real estate not recorded in the office of the county clerk where the land is situate is void as to subsequent purchaser in good faith and for a valuable consideration; and section 41, providing that the recording of an assignment of a mortgage shall not be deemed, in itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee,— the payment by the mortgagor to a holder of an unrecorded assignment of the mortgage does not operate to defeat the rights of a subsequent bona fide assignee under a recorded assignment, since the record was notice to every one, unless they came within the exception, which applied only to payments to the mortgagee.

Action by Margaret Davies, individually and as executrix, against Catherine Jones and others, to foreclose a mortgage. Judgment for plaintiff.

Josiah Perry, for plaintiff.
W. & N. E. Kernan, for defendants.

HISCOCK, J. Catherine Jones on the 14th day of October, 1889, executed to one John W. Griffiths a mortgage for $1,000. It appears not to have been accompanied by any bond, and was payable at the death of said Griffiths and his wife, without interest. This mortgage was given for value, and was duly recorded soon after its date. An assignment of this mortgage was executed by the mortgagee to the defendant Robert G. Jones, June 21, 1890, but it was not recorded until December 31, 1897. December 23, 1895, said Griffiths executed another assignment of the same mortgage to the plaintiff, which was put upon record the next day. This assignment was for a valuable consideration, namely, the agreement of plaintiff to allow said mortgagee and assignor to live with her and to maintain him, except as to clothing, during his life; and the evidence fairly warrants the finding that she did so maintain and take care of him until he died, upon the faith and in consideration of said assignment. Seymour v. Seymour, 28 App. Div. 495, 497, 51 N. Y. Supp. 130. The evidence of the defendant Jones that he paid the mortgagee Griffiths a valuable consideration for his assignment of the mortgage is incompetent. But, outside of such evidence, there is other evidence which sustains the conclusion that he is to be regarded as a purchaser for value of said mortgage. On or about August 31, 1897, said Jones executed a purported satisfaction of said mortgage, and delivered it to the defendant Catherine Jones. The mortgage itself was delivered by the mortgagee to the assignee, Jones, together with the assignment to him, and was subsequently delivered by said assignee to the defendant Catherine Jones, together with the satisfaction of the mortgage, upon which she relies; and therefore, of course, the

mortgage itself was never delivered to the plaintiff with her assignment thereof.

Upon these facts, two reasons are especially urged why plaintiff should not be allowed to have a foreclosure of the mortgage against the defendant Catherine Jones, who alone has answered and defended: First, it is urged that the plaintiff was not such a purchaser, for value and in good faith, of the mortgage in question, as to give her preference, under her assignment, over the one made to defendant Jones, although she did have it recorded first; secondly, it is urged that the defendant Catherine Jones paid the mortgage to defendant Robert G. Jones, who had an assignment thereof, and possession of the mortgage itself, and that she did this without notice of the assignment to the plaintiff, and therefore should be protected in her payment. Both of these contentions lead to a consideration of the recording act in force at the time of these transactions. Said act provides that:

"A conveyance of real property * * * may be recorded in the office of the clerk of the county where such real property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration," etc. 1 Rev. St. pt. 2, c. 3, § 1.

It is settled that this provision applies to assignments of mortgages. The question therefore arises whether plaintiff was such a purchaser, in good faith and for a valuable consideration, of the mortgage in question, as to secure the benefit of said act through the first record of her assignment. I have already indicated my opinion that she was a purchaser for value, and pass to a consideration of the other view urged by defendant, that she was not a purchaser in good faith, and which contention is based upon the fact that the mortgage itself was not delivered to her at the same time with her assignment. If the failure to so present and deliver such mortgage had been unexplained, it would have been sufficient to deprive plaintiff of the character of a bona fide purchaser. But it appears, by evidence which I think is entitled to belief, that the mortgagee explained the absence of the mortgage by the statement that he had lost it, and that, a short time before the assignment was executed, plaintiff and her daughter had joined with him in a search for it. Assuming that the mortgage had been delivered to the defendant Jones, with the assignment, as claimed by him, this was, of course, a falsehood upon the part of the mortgagee, and it does not appear what his object was in uttering it. Still, I discover in the evidence nothing which should have made the explanation to plaintiff suspicious or unworthy of belief; and it seems to me that it was sufficient to relieve her from any further attempt to find the mortgage, and sufficient to relieve her from being chargeable with such notice or knowledge or obligation to pursue the inquiry further as would otherwise prevent her from coming within the character required by the statute. Brown v. Blydenburgh, 7 N. Y. 141; Kellogg v. Smith, 26 N. Y. 18. I discover nothing which indicates that the plaintiff's conduct, either in taking the assignment, or in her treatment of the mortgage when she acquired the assignment, was suspicious. There is no suffi-

cient proof that she had actual knowledge of the assignment to Jones. There was no occasion for her to give the mortgagor any notice of the assignment, because, under the terms of the mortgage, it did not become payable until after the death of the mortgagee, and there were no payments of interest to be made thereon.

Passing to the second point, there is considerable doubt about whether the defendant did pay the mortgage at the time the other assignee, Jones, gave her a satisfaction thereof. He was her brother, and, while he gave evidence to the effect that she did make payment of the mortgage at the time when it was satisfied, neither she nor her son, who were upon the stand in the trial of the case, gave any evidence tending to show an actual payment of the mortgage when it was satisfied. Even, however, if it should be assumed that she did make payment, it would not be a defense to this action. The statute already referred to, making the assignment to Jones void as against the assignment to plaintiff, which was first recorded (under the findings of fact which I have made in connection therewith), is broad and conclusive as against everybody, except as otherwise especially provided. The only other provision to be considered in that connection is the one to the effect that:

"The recording of an assignment of a mortgage shall not be deemed, in itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee." See 1 Rev. St. pt. 2, p. 763, § 41.

Under this provision, if defendant had actually paid the amount due upon the mortgage to the mortgagee, without notice of the assignment to plaintiff, outside of the record of her assignment, she would have been protected in such payment. But this she did not do. She learned in some way that the mortgage had been assigned, and commenced treating with an assignee thereof, rather than with the original mortgagee; paying up, as she claims, the mortgage before, by its terms, it had become due. I think that, when she thus commenced to base her acts upon some assignment or transfer of the mortgage, she passed beyond the protection of the provision just quoted, and came within the other provisions of the recording act, which made the assignment to the assignee, with whom she treated, void as against the plaintiff's assignment. Such record of the assignment to plaintiff protected her as against a subsequent unauthorized and unrecorded discharge, as well as against a subsequent assignment by the mortgagee. The record was notice and protection of her rights as against everybody, unless he came within the exemption quoted. Brewster v. Carnes, 103 N. Y. 556, 563, 9 N. E. 323; Viele v. Judson, 82 N. Y. 33; Larned v. Donovan, 155 N. Y. 341, 49 N. E. 942. The plaintiff is entitled to a foreclosure of her mortgage, with costs, but without any judgment for deficiency against the defendant Jones.

Judgment of foreclosure for plaintiff, with costs.