## KIRCHHOFF v. GERLI.

(Supreme Court, Appellate Division, Second Department. January 7, 1916.)

1. MORTGAGES ☞186—FORECLOSURE—ACTIONS—BURDEN OF PROOF.

In an action to foreclose a mortgage, a defendant who sets up an alleged prior mortgage to himself has the burden of proving the priority.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 449–455; Dec. Dig. ☞186.]

2. MORTGAGES ☞163—PRIORITY—NOTICE.

Plaintiff contractor agreed to build a house for defendant mortgagor and take a mortgage for a portion of the contract price thereof, the remainder to be paid by a loan secured after discharge of defendant mortgagee's mortgage and payment to him of a specified sum of money. Such mortgagee accepted the arrangement, but thereafter insisted on a new mortgage upon the same property which was given prior to the giving of a mortgage to the plaintiff but was not recorded until after the plaintiff's mortgage was recorded. In plaintiff's suit to foreclose, defendant mortgagee sought to establish priority of his mortgage. *Held*, that the priority of recordation should prevail, there being nothing to require the plaintiff to investigate the title of his mortgagor, since his specific agreement with the defendant mortgagee was that the mortgage should be discharged, proof of actual knowledge by the plaintiff being lacking, and constructive knowledge under the circumstances not being properly imputable to plaintiff.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 368–379; Dec. Dig. ☞163.]

3. MORTGAGES ☞25—VALIDITY—CONSIDERATION.

A $6,000 mortgage for work done in building a house for defendant to the value of $7,000 could not be held to be without consideration.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 29–42, 1364; Dec. Dig. ☞25.]

Appeal from Special Term, Westchester County.

Action by Adam Kirchhoff against one Waldo and Claire Gerli to foreclose a mortgage, in which said Gerli answered that her mortgage

was prior to that of plaintiff. From a judgment for defendant Gerli, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

William S. Beers, of New Rochelle, for appellant.

Joseph Hirschman, of New York City, for respondent.

JENKS, P. J. [1] When plaintiff sued to foreclose his mortgage made by defendant Waldo, the defendant Gerli answered that her mortgage, made also by Waldo, was a prior lien, and that plaintiff's mortgage had no present consideration. These questions alone were tried by the Special Term, which found for the defendant Gerli and adjudged a foreclosure of her mortgage in accord with her prayer. Plaintiff's mortgage was recorded on July 11, 1913, and defendant's mortgage on August 8, 1913. Gerli bore the burden to establish her affirmative pleas. Jones on Mortgages (6th Ed.) vol. 1, § 554. The court found that plaintiff's mortgage, dated May 20, 1913, was delivered upon that day, and that Gerli's mortgage was executed, acknowledged, and delivered on April 29th in that year, although it would seem that it was not acknowledged until August 6, 1913.

[2] Plaintiff made a building contract with Waldo May 13, 1913, whereby he agreed to build a house upon a part of a tract of land owned by Waldo for $13,500. This improvement required nine acres. Gerli had a blanket mortgage upon the entire tract for $37,000, which then had been increased by arrears of interest and unpaid taxes to some $50,000, and the building contract, in accord with an agreement of April 29, 1913, provided the prerequisite undertakings of Waldo that Gerli would release the nine acres from her blanket mortgage on condition of payments to her of $3,300 and $1,500, and that Waldo should procure a building loan of $15,000 from a certain title company upon mortgage of the said nine acres. The said building agreement also provided that one half of the said contract price of $13,500 should be paid by a mortgage made to plaintiff by Waldo, and the other half should be paid in cash on completion of his contract. And the said building contract also provided that the said $3,300 should be paid to Gerli by the plaintiff out of the building loan and the said $1,500 should be paid from the final installment thereof. Gerli made an agreement with the plaintiff which confirmed these provisions and assured her release of the said nine acres of land.

It was natural that the plaintiff and Waldo should seek to release these nine acres from Gerli's blanket mortgage, because the scheme required a building loan secured by mortgage thereon and one-half of plaintiff's contract price to be met by a mortgage thereon. And so it was written in the building agreement that the said mortgage to the plaintiff "shall be subordinate in lien to the said building loan, * * * but that the said bond and mortgage * * * shall not be subordinate to any other lien or liens except as aforesaid." The said mortgage for $1,500 from Waldo to Gerli was provided for in an agreement between those two persons only, dated April 29, 1913.

There is no question that this $1,500 thereby secured is the $1,500 for which provision was made in the said building agreement.

It seems plain that by this said agreement of April 29, 1913, between Waldo and Gerli, made to settle their differences, they left undisturbed the provision in the building agreement for the payment of the $3,300 and substituted a mortgage for the provision for the payment of the $1,500. But where is the proof that brings such change home to the plaintiff? The proof of any actual knowledge, if it exist at all, is so meager as to be negligible. The plaintiff testifies to his entire ignorance of any such mortgage, and he is corroborated absolutely by his attorney who acted for him throughout the transactions. The plaintiff testifies that of course he knew of the $1,500 that was to be paid on the account of Waldo to Gerli, but he testifies that he understood always that such payment was provided for in the building agreement. Not only had he the right to rest upon that specific provision, but plaintiff's separate agreement with Gerli referred to and reiterated such provision. Such provision was explicit:

"The balance of the proceeds of said building loan, * * * to wit, nine thousand seven hundred twelve and $50/100$ ($9,712.50) dollars, shall be disbursed by the contractor for the account of the owner, as follows: By paying out of the last installment the sum of fifteen hundred ($1,500) dollars to Claire Gerli in the payment and satisfaction of an indebtedness of the owner for such amount."

And the said agreement between plaintiff and Gerli, after referring to the building agreement, makes mention of the terms thereof which are embodied in the agreement:

"Upon payment to said Claire Gerli of three thousand three hundred ($3,-300) dollars, at the time of executing the release or satisfaction of said mortgage and a further sum of fifteen hundred ($1,500) dollars to be paid therefor upon completion of said certain building."

I find, in none of the writings to which plaintiff was party, any suggestion of the security of a mortgage for the said $1,500. The defendant invokes the equitable doctrine that actual notice may be established by circumstantial evidence, in that the "means of knowledge, with the duty of using them, are in equity equivalent to knowledge itself." Jones on Mortgages (6th Ed.) § 545. But the same learned author also says:

"But in general it may be said that a mere want of caution does not charge a purchaser with notice. It is not enough that he might entertain a mere suspicion of an unknown equity or interest. It is not enough that an over-prudent and cautious man, if his attention had been called to the suspicious circumstance, would have been likely to seek an explanation of it. There must be some clear neglect to inquire, after having some notice of some definite equity or interest in another. The mere fact that a purchaser knows of the existence of a debt for unpaid purchase money does not make him chargeable with notice of an unrecorded mortgage securing such purchase money." Section 547.

The notice requisite to put plaintiff on inquiry is defined in Reed v. Gannon, 50 N. Y. 345–346. See, too, Kingsland v. Fuller, 157 N. Y. 507–511, 52 N. E. 562; Seymour v. Seymour, 28 App. Div. 495, 51 N. Y. Supp. 130; Thomas on Mortgages (3d Ed.) § 515.

Was there in the facts and circumstances anything that would "lead any honest man, using ordinary caution" (Reed v. Gannon, supra), in plaintiff's shoes, to make further inquiries as to the payment or the security for the payment of the debt of $1,500 by Waldo to Gerli?

He knew that such payment had been specifically provided for with the assent of all parties in an adequate way. Had he any reason to inquire whether, in variance of or modification of such agreements, and without notice to him as a party to one of such agreements, Waldo and Gerli had agreed to substitute this mortgage for the said provision of payment? After the parties had carried out a scheme to release the land from one mortgage of Gerli's so that obviously it might afford the better security, both for the building loan mortgage and for plaintiff's mortgage, had he any reason to suppose that it would be almost instantly again incumbered by another mortgage to Gerli and in departure from that scheme? The defendant was bound to show by clear and satisfactory proof that when this mortgage was executed and delivered the plaintiff then had knowledge, or that the facts were such that he was chargeable with implied knowledge, of the existence of this mortgage which was to be a lien upon the property. Constant v. University, 133 N. Y. 640, 31 N. E. 26. I think that the defendant did not sustain the burden, and that the priority of record must prevail. See Constant v. University, supra.

[3] I think that the plaintiff's mortgage could not be declared invalid upon the theory that there was no consideration for it. See Hyman v. Hauff, 138 N. Y. 48, 54, 33 N. E. 735; Huntington v. Kneeland, 102 App. Div. 284, 292, 92 N. Y. Supp. 944, and authorities cited; Ackerman v. Hunsicker, 85 N. Y. 43, 39 Am. Rep. 621; Jones on Mortgages (6th Ed.) § 364; Thomas on Mortgages (3d Ed.) §§ 206, 211, 213. It appears that up to August 8, 1913, the time of record of the said mortgage for $1,500, the plaintiff had done work under his contract to the value of between $6,000 and $7,000, whereas his mortgage was for less than $6,000. See Hall v. Crouse, 13 Hun, 557.

I think that the judgment must be reversed, and that a new trial must be granted; costs to abide the final award of costs. All concur.