JAN OCHENKOWSKI and Another, Respondents, *v.* KAZIMIERZ DUNAJ and Another, Defendants, Impleaded with DMYTRO SOROKO and Another, Appellants.*

Third Department, May 26, 1931.

*Harry V. Borst,* for the appellants.

*Thaddeus S. Ogonowski* [*Adam Ogonowski* with him on the brief], for the respondents.

---

* Affg. 137 Misc. 674.

Rhodes, J. This is an action to foreclose a purchase-money mortgage held by the plaintiffs. By warranty deed dated August 6, 1928, they conveyed to the defendants Dunaj the premises in question situated in the town of Florida, Montgomery county, N. Y. Defendants Dunaj, at the same time, executed and delivered to the plaintiffs the bond and mortgage in suit to secure $5,300 of the purchase price of the premises, which mortgage was not recorded until February 18, 1929. By warranty deed dated December 17, 1928, the defendants Dunaj conveyed to the defendant Soroko the premises in question, which deed recites a consideration of one dollar and other good and valuable considerations, and was recorded in Montgomery county clerk's office December 19, 1928. The said deed to Soroko contains no reference to plaintiffs' purchase-money mortgage which is now sought to be foreclosed, but it recites that it is subject to two mortgages upon which there was then unpaid $2,600, with interest from May 3, 1927. The defendant Soroko testified that he paid for said premises, in addition to the said mortgages thereon, the sum of $1,500 in cash, and that he had no knowledge of the mortgage in question when he bought the premises. The court refused to find that Soroko was a purchaser in good faith and for a valuable consideration; on the contrary, in his decision he found that Soroko was not a purchaser in good faith, but did not expressly find that he was not a purchaser for value. The court also found that the deed from the defendants Dunaj to the defendant Soroko was executed and accepted for the common purpose of defrauding the plaintiffs of their rights and priority as lienors and mortgagees of said premises. There is nothing, except suspicion and inference, to dispute Soroko who says that he had no knowledge of the mortgage in question and that he paid a valuable consideration for the premises. The credibility of Soroko was for the trial justice who has refused to believe his testimony; instead he has gone further and made affirmative findings that Soroko conspired with Dunaj for the common purpose of defrauding plaintiffs and that Soroko was not a purchaser in good faith. These findings rest on inference.

Where evidence is equally as consistent with innocence as with wrong-doing, the innocent construction must be adopted. (*Constant* v. *University of Rochester*, 133 N. Y. 640; *Morris* v. *Talcott*, 96 id. 100; *Shultz* v. *Hoagland*, 85 id. 464.)

Without enumerating the various circumstances from which inference might be drawn, it is sufficient to say that a presumption of innocence is as consistent with the facts here presented as is a presumption of guilt. These findings, therefore, in so far as fraud is concerned, are not supported by the evidence.

In this state of the record we are confronted with the question as to which parties should prevail and this requires us to ascertain what inferences and presumptions arise and who has the burden of proof upon the proposition as to whether or not Soroko was a *bona fide* purchaser for value.

In *Simpson* v. *Del Hoyo* (94 N. Y. 189) it appeared that a mortgage was executed in fraud of the owner of the premises. The plaintiff, holder of said mortgage, claimed to be a holder without notice and for value. The court, directing a new trial, said: " Upon the new trial, the fraud being established, it will be incumbent upon the plaintiff to show satisfactorily how he came by the mortgage, and that he took the same for value."

In *Seymour* v. *McKinstry* (106 N. Y. 230) the court said: " It was not necessary for the plaintiff to allege that the defendant Sabey took with notice, for his case was made out when his lien was established against his vendee and against McKinstry, unless Sabey was a *bona fide* purchaser from McKinstry, and if Sabey relied upon the fact that he took without notice, it should have been set up in the answer. (*Weaver* v. *Barden,* 49 N. Y. 286.) The reason for this rule may be the same ascribed to the doctrine which requires the holder of a note, shown to have been fraudulently obtained, to prove under what circumstances and for what value he became the holder, viz.: That when there is fraud the presumption is that he who is guilty will part with the instrument for the purpoes of enabling some third person to recover upon it, and such presumption operates against the holder and it devolves upon him to show affirmatively the facts essential to overcome that presumption and relieve himself from its effect."

Such a situation appeared in *Weaver* v. *Barden* (*supra*), where the plaintiff, through fraud, had been deprived of stock which came into defendant's hands. The fraud being proven, the burden was then cast upon the defendant of establishing that he was a *bona fide* purchaser for value.

The same rule is enunciated in *First National Bank* v. *Green* (43 N. Y. 298), where the court said: " A plaintiff, suing upon a negotiable note or bill, purchased before maturity is presumed, in the first instance, to be a *bona fide* holder. But when the maker has shown that the note was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances and for what value he became the holder." (See, also, *Farmers' & Citizens' National Bank* v. *Noxon,* 45 N. Y. 762; *Wardell* v. *Howell,* 9 Wend. 170; *Stevens* v. *Brennan,* 79 N. Y. 254.)

But even if it be assumed that the conveyance by Dunaj to

Soroko did not operate as a fraud as to the plaintiffs, still the burden was upon Soroko to establish his position as a holder for value and without notice. The trial court not having believed his testimony, no further evidence is in the record to sustain his contention and he has thus failed to meet the burden of proof. If there were credible evidence in the case that defendant Soroko paid a valuable consideration for his deed, that would have constituted *prima facie* evidence that he was a purchaser in good faith and the presumption of good faith arising from the payment of a valuable consideration by the defendant would have been sufficient until overcome by proof. (*Smith* v. *Pure Strain Farms Co.*, 180 App. Div. 703; *Ward* v. *Isbill*, 73 Hun, 550, and cases cited therein.) But defendant's deed expressed only a nominal consideration and, therefore, does not import a valuable consideration and the presumption in favor of the defendant does not arise. (*Turner* v. *Howard*, 10 App. Div. 555; *Ten Eyck* v. *Witbeck*, 135 N. Y. 40.)

In *Flickinger* v. *Glass* (222 N. Y. 404) the vendee under a land contract having made payments upon the purchase price, established a lien against the vendor who was unable to perform his contract. In the interval the vendor made a mortgage of the premises to the defendants. In an action to establish the vendee's lien it was held that even though there was no fraud in connection with the execution of the mortgage, " the mortgage yields to the lien unless it was taken without notice, actual or constructive, of the rights of the vendee; and the burden of proof is with the defendants to show that notice was lacking. (*Seymour* v. *McKinstry*, 106 N. Y. 230.) "

In *Seymour* v. *McKinstry* (*supra*) the court said: " Indeed, the rule is entirely well settled that if a claim can be sustained only upon the ground that the person asserting it is an innocent *bona fide* purchaser, he must positively deny notice even though it be not charged. (*Denning* v. *Smith*, 3 Johns. Ch. 332.) "

In the case of *Denning* v. *Smith* (*supra*) it was recited: " If a purchaser wishes to rest his claim on the fact of being an innocent, *bona fide* purchaser, he must deny notice, even though it be not charged; and he must deny it positively, not evasively; he must even deny fully, and in the most precise terms, every circumstance from which notice could be inferred."

In *Frost* v. *Beekman* (1 Johns. Ch. 288) it is enunciated: " In all cases in which a party sets up his title to relief in equity, as a *bona fide* purchaser, he must deny notice, though it be not charged. * * * It is a general rule in pleading, that whatever is essential to the right of the party, and is necessarily within his knowledge,

must be positively and precisely alleged; and the plaintiffs, coming in the character of *bona fide* purchasers, were bound to state, affirmatively, the equity of their case; if they will not aver the fact that they were purchasers without notice, we are not bound to presume it. *The fact rests in their own knowledge.*" (See, also, *Westbrook* v. *Gleason,* 79 N. Y. 23, opinion by RAPALLO, J., at p. 33, where it was held that the burden was on defendant to show that he was a *bona fide* purchaser for a valuable consideration and without notice.)

It is true there are cases holding to the contrary on the question of burden of proof. In *Kirchhoff* v. *Gerli* (171 App. Div. 160) the court said: " The defendant was bound to show by clear and satisfactory proof that when this mortgage was executed and delivered the plaintiff then had knowledge, or that the facts were such that he was chargeable with implied knowledge of the existence of this mortgage which was to be a lien upon the property."

In *Constant* v. *University of Rochester* (*supra;* also same case 111 N. Y. 604) the plaintiff sought to establish the validity of a prior unrecorded mortgage as against defendant's subsequent mortgage which was first duly recorded. The question was whether or not an agent of defendant had knowledge of plaintiff's unrecorded mortgage. The court held that the burden was upon the plaintiff to show notice to the defendant through its agent, the court saying: " But the burden is upon the plaintiff to prove, clearly and beyond question, that he did, and it is not upon the defendant to show that he did not have such recollection."

The provisions of section 291 of the Real Property Law recite in part: " Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

In *Ten Eyck* v. *Witbeck* (*supra*) the court said: " The English registry law made the prior unrecorded deed wholly void as against the subsequent grantee, without reference to the question of notice, or the payment of value. Immediately, the Court of Chancery, with characteristic diligence, sought to relieve the earlier grantee from the hardship which the enforcement of the letter of the law might inflict, and, while respecting the command of the statute, which made his deed void at 'law, it invested him with an equitable title, which it declared should prevail over the legal title of the subsequent purchaser, if it appeared that he had notice of its existence, or did not part with value at the time of the purchase. This rule of judicial construction was incorporated by

the Legislature into the *lex scripta* in almost the identical words in which it had been phrased by courts of equity." In the same case the court said: "Where the grantee parts with nothing of substantial value, he must be satisfied if he receives nothing, because his grantor had nothing which he could honestly convey. * * * If her deed is adjudged void, she has not lost or sacrificed anything which she possessed when it was executed, nor become incumbered with any promise or obligation which will result in a future loss or sacrifice. She has, therefore, failed to establish her title as a purchaser for a valuable consideration."

In the present case, disregarding the testimony of defendant Soroko, which the trial court disbelieved, there is nothing to show any valuable consideration paid by him. He is not obligated to pay the two mortgages amounting to $2,600 on the premises because he did not, by the terms of his conveyance, assume and agree to pay them. On the record as it stands, therefore, the equities are with the plaintiffs who hold a mortgage which was given for a valuable consideration in the sum of $5,300.

By the weight of the authorities, therefore, the burden was upon said defendant to show that he was a *bona fide* purchaser for value and in that he has failed in his proof.

The judgment should be affirmed, with costs.

All concur, except HILL, J., who dissents and votes for reversal of the judgment on the law and the facts and for a new trial upon the ground that the burden of showing knowledge of the existence of the unrecorded mortgage was upon the plaintiffs.

Judgment affirmed, with costs.