## FOURTH DEPARTMENT, MAY, 1935.

WILLIAM J. HOOD, Respondent, v. HOWARD A. WEBSTER and Another, Appellants.

Judgment affirmed, with costs, on the authority of *Flickinger* v. *Glass* (222 N. Y. 404) and *Ochenkowski* v. *Dunaj* (232 App. Div. 441). All concur, except Thompson and Lewis, JJ., who dissent and vote for reversal on the law and a new trial in an opinion by Thompson, J. (The judgment cancels a deed of real property.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

THOMPSON, J. (dissenting). To sustain the burden of proof cast upon him in his action to have defendants' deed canceled of record, and thus remove a cloud from his title, plaintiff rests upon the testimony of defendants' deed, which he, plaintiff, put in evidence. In point of time this deed was executed, delivered and recorded, after execution and delivery of plaintiff's deed in escrow, but before the happening of the event which terminated the escrow, and the consequent delivery and recording of his, plaintiff's, deed. Defendants offered no proof. Plaintiff was not in possession of the land described in the deed; defendants were. Possession of real estate is *prima facie* evidence of the " highest estate in the property, to wit, a seisin in fee." (*Hill* v. *Draper*, 10 Barb. 454 [Gen. Term, Fifth Dist.].) Under section 291 of the Real Property Law, plaintiff cannot succeed in his action, unless he shows that defendants were not purchasers in good faith, or for a valuable consideration. We think the Special Term was in error in holding that by proving defendants' deed, plaintiff made out a *prima facie* case for himself. (*Constant* v. *University of Rochester*, 133 N. Y. 640; *Brown* v. *Volkening*, 64 id. 76; *Kirchhoff* v. *Gerli*, 171 App. Div. 160; 23 R. C. L. 247.) The deed alone did not afford a basis for a presumption that it was not given for a valuable consideration, although a nominal consideration only is mentioned in it. Plaintiff adduced no proofs showing that defendants had notice or knowledge of plaintiff's deed, as yet undelivered to plaintiff, and unrecorded when defendants obtained their deed, or absence of good faith in defendants in any respect.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.