Thomas C. Chimera, J.
The issue before the court affects the first cause of action, which sounds in fraud. The second cause of action was withdrawn at the end of plaintiff’s case. The case was tried without a jury and findings of fact and. conclusions of law were waived.
Plaintiff contends that defendant had knowledge of substantial damage to a cargo of pickled sheepskins, and, that by failing to declare such exceptions on the bill of lading, caused its letter of credit to be honored, to its damage.
The letter of credit called for payment to the seller at Hamburg, among other conditions, on presentation of ‘ ‘ Full set clean on Board Ocean Bills of Lading”.
It was honored on a “ clean bill ’ ’, a document containing no remarks suggesting objective signs of damage to the cargo.
The cargo consisted of brine-pickled sheepskins packed in 393 barrels of the “ customary type with slack cooperage ” and it appears from the uncontested evidence that when received on defendant’s vessel at Hamburg, Germany, all barrels were in apparent external good order and condition except with respect to seven barrels: “2 barrels covers loose, 5 barrels covers repaired ”; and that before being placed on board and before issuance of the mate’s receipt, the covers of the said seven barrels were ‘ ‘ resecured so as to put them in the same apparent external good order and condition as the remaining 386 barrels ”.
The bank expert, Henry Reuter, produced by defendant, states categorically that if the bill of lading had reflected these exceptions and reflected, too, that the condition was corrected as suggested, such exceptions would not have been sufficient to justify withholding payment to the seller. This testimony is *398 not contradicted and I believe it. So that, if I must assume the truth of the first officer’s testimony to the extent above mentioned and accept the conclusion of the expert, the fact that these exceptions were not reflected on the face of the bill of lading cannot be regarded as a circumstance which, if known, may have prevented the payment to seller and thus avoided damage to plaintiff, who in consequence of the omission was, as plaintiff contends, “ saddled ” with a lot of goods allegedly water-damaged.
By issuing a bill of lading describing a packaged cargo as having been received “in apparent good condition”, the carrier does not become an insurer of the soundness of the contents of the packages. (The Muskegon, 10 F. 2d 817.)
From the evidence, it also appears that upon discharge in New York the following “ exceptions ” were noted: “ All casks stained with metal hoops rusted and/or heads loose or broken. 2 casks sighted with heads missing. A number were leaking-brine and/or were completely dry. ’ ’
Because of the condition of the cargo on discharge, the court is asked to believe, first, that that was the real condition on receipt of the shipment, and, secondly, that such a condition is evidence of the substantial water damage claimed by the plaintiff. I reach neither of these conclusions. The condition in which the cargo was found upon discharge in New York is more readily attributable to the nature of the pack and the manner in which it was handled and stowed in transit. It bears on a question of possible negligence, rather than fraud and deceit. Moreover, it would be an unrealistic speculation to conclude that outer container damage to cargo proves knowledge of inner water damage to the goods themselves.
Fraud may not be presumed. It may not be based merely on suspicion, conjecture or doubtful inference. It must be established by clear and convincing proof of each and every element prescribed by law: representations, falsity, scienter, reliance and damage (Arthur v. Griswold, 55 N. Y. 400, 410; Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, affd. 272 N. Y. 360).
And ‘ ‘ where evidence is equally as consistent with innocence as with wrong-doing, the innocent construction must be adopted”. (Ochenkowski v. Dunaj, 232 App. Div. 441.)
The plaintiffs have failed to meet their burden by a fair preponderance of the evidence and their complaint is accordingly dismissed on the law and on the facts. The Clerk is directed to enter judgment accordingly.