ANDREW J. PARKER, Appellant, *v.* JAMES P. CONNER et al., Executors, etc., Respondents.

In order to render a sale for a valuable consideration of personal property, delivered at the time of the sale and taken into the actual possession of the vendee, invalid as against the creditors of the vendor, it is necessary

to show that the vendee had actual knowledge or belief, or at least actual suspicion, that the sale was being made with intent, on the part of the vendor, to defraud his creditors.

No duty of active diligence is cast upon the purchaser, in favor of the creditors, requiring him to suspect and investigate the motives of the vendor, and while, if he knows or believes them to be fraudulent, he makes himself, by the purchase, a party to the fraud, fraud may not be imputed to him by the application of the strict rules of constructive notice, and actual good faith will protect him.

The fact of notice or knowledge need not be established by direct evidence; it may be inferred from circumstances, and established by proof of the vendee's knowledge of facts pointing to the fraudulent intent, or calculated to awaken suspicion; but where it appears that he was entirely innocent and free from any guilty knowledge or suspicion, mere negligence in not inquiring into facts known to him which were calculated to put him upon inquiry is not equivalent to a want of good faith, and does not charge him with notice of the fraud.

In an action brought against a sheriff for the alleged unlawful taking and conversion of certain goods, in which defendant justified under executions against H., plaintiff's vendor, claiming that the sale was fraudulent as against the creditors of H., the court charged in substance that if H., in making the sale, intended to defraud his creditors, and plaintiff had "notice of facts in the case which would awaken the suspicion of a man of ordinary intelligence and caution, and which if acted upon and investigated by him would have enabled him to have known that the vendor had a fraudulent intent," he would be chargeable with knowledge thereof.   *Held* error; that the question should have been whether the vendee did in fact know or believe the vendor intended to defraud his creditors; not whether he was negligent in failing to discover the fraudulent intent.

The authorities and principles as to the application of the doctrine of constructive notice collated.

*Baker* v. *Bliss* (39 N. Y. 70), *Reed* v. *Gannon* (50 id. 345), distinguished. *Pringle* v. *Phillips* (5 Sandf. S. C. R. 157), and *Danforth* v. *Dart* (4 Duer, 101), distinguished and limited.

(Argued April 20, 1883; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 11, 1881, which affirmed a judgment in favor of defendant, entered upon a verdict.   (Mem. of decision below, 15 J. & S. 522.)

This action was originally brought against William C. Conner, as sheriff of the city and county of New York, for an alleged

wrongful seizure and conversion of certain personal property which plaintiff had purchased of one Halloran.

Defendant justified under an execution against Halloran, claiming that the sale was fraudulent as against the creditors of the vendor. Pending the litigation Conner died, and the present defendants, his executors, were substituted.

The facts, so far as material, are stated in the opinion.

*George Wilcox* for appellant. The burden of proof rests upon the creditors whenever they assail a transfer for fraud. (Bump on Fraudulent Conveyances, [3d ed.], 600 ; Bigelow on Fraud, 493 ; *Loeschigk* v. *Hatfield*, 5 Rob. 26 ; 51 N. Y. 660 ; *Salmon* v. *Orser*, 5 Duer, 511.) The fraudulent intent of both vendor and vendee at the time of the transfer must be proved. (*Schultz* v. *Hoagland*, 85 N. Y. 467 ; *Jaeger* v. *Kelly*, 52 id. 274.) The plaintiff was a purchaser for a valuable consideration. (*Dygert* v. *Remerschnider*, 32 N. Y. 629, 637 ; *Starr* v. *Strong*, 2 Sandf. Ch. 139.) The defendant was bound to show upon the trial of this action that the plaintiff had actual notice of Halloran's fraudulent intent, if he had such intent. Constructive notice is not sufficient. (*Stears* v. *Gage*, 79 N. Y. 102 ; *Finley* v. *Carpenter*, 27 id. 359 ; *Van Wyck* v. *Baker*, 16 Hun, 168.) Neither of the judgments against Halloran was evidence of any thing as against the plaintiff, except the fact of its recovery on the day of its date, or at the utmost of the existence of an indebtedness on that day. (*Marshall* v. *Croom*, 60 Ala. 121 ; 1 Greenleaf on Evidence, §§ 522, 538, 539 ; Wharton on Evidence, §§ 823, 839 ; Bump on Fraudulent Conveyance [3d ed.], 575, 576.) The fact that these judgments were substantially confessed would render them incompetent as proof of indebtedness existing at any time. (Bump on Fraudulent Conveyance [3d ed.], 575, 576; *Cuyler* v. *McCartney*, 40 N. Y. 221.) All the property in question was seized and taken away by the defendant under the first execution and before the other two came into his hands. The conversion was then complete and his liability fixed. (*Brewster* v. *Silliman*, 38 N. Y. 423.) Even if the judgments were docketed, the executions were still void

for want of power in the Court of Common Pleas to issue them. This objection, if well taken, would affect all three of .the executions and would render them all inadmissible for any purpose. (Code, § 68.)   Where a later statute prescribes the only rules that shall govern, it repeals the former ones in all those respects in which it differs from them as to the governing rule. (Potter's Dwarris on Statutes, 155, note ;.*Daviess* v. *Fairborn*, 3 How. [U. S.] 636.) A subsequent act making a different provision on the same subject is to be construed as an implied repeal of the former, if it be incompatible with it.    (*Dash* v. *Vankleeck*, 7 Johns. 497 ; *Mfg. Co.* v. *Vanderpoel*, 4 Cow. 556 ; *Livingston* v. *Harris*, 11 Wend. 329.)    Executions issued by one court to enforce the judgments of another court where there was no authority to do so are absolute nullities. (Freeman on Executions, 14, 15, 17 ; *Field* v. *Paulding*, 3 Abb. Pr. 139 ; *Clarke* v. *Miller*, 18 Barb. 270 ; Herman on Executions, 3, 81, 82 ; *Reade* v. *Markle*, 3 Johns. 516.)    The legislature has the right to take away a particular form of remedy or give a new one.    (*People* v. *Supervisors of Essex Co.*, 70 N. Y. 228 ; *Landers* v. *S. I. R. R. Co.*, 53 id. 450 ; *Rae* v. *Mayor, etc.*, 7 J. & S. 196 ; *Lennon* v. *Mayor, etc.*, 55 N. Y. 361.)

*Almon Goodwin* for respondent.   The evidence showing the organization and management of the Saturday Review Publishing Company was proper.   (*Chapman* v. *O'Brien*, 34 Sup. Ct. 524, 527 ; *Castle* v. *Bullard*, 23 How. [U. S.] 187 ; *Phinney* v. *Holt*, 50 Me. 575–6.)   Defects in the form of an execution may be amended on motion.   (*Park* v. *Church*, 5 How. 881 ; *Pierce* v. *Crane*, 4 id. 257 ; *Dominick* v. *Eacker*, 3 Barb. 17 ; Freeman on Executions, §§ 44–46.)   Irregularities which would be amendable on motion can be taken advantage of only by the judgment debtor.   (*Abels* v. *Westervelt*, 15 Abb. 230; *Grosvenor* v. *Hunt*, 11 How. 355 ; *Berry* v. *Riley*, 2 Barb. 307 ; *Oakley* v. *Becker*, 2 Cow. 454 ; *Bacon* v. *Cropsey*, 3 N. Y. 195.)   It was competent to show, as bearing upon

the good faith of a transfer, upon credit, of $9,000 worth of property, that the pretended purchaser was worthless. (*Browning* v. *Hart*, 6 Barb. 91; *Downing* v. *Kelly*, 49 id. 547; *Kern* v. *Rachow*, 34 Sup. Ct. 239.) The instructions given by the judge to the jury were in strict conformity to the law respecting constructive notice. (*Williamson* v. *Brown*, 15 N. Y. 354, 362; *Baker* v. *Bliss*, 39 id. 70, 74, 76; *Danforth* v. *Dart*, 4 Duer, 101, 106; *Pringle* v. *Phillips*, 5 Sandf. 157; *Goodenough* v. *Spencer*, 15 Abb. [N. S.] 248; *C. V. B'k* v. *Delano*, 48 N. Y. 340; *Bennett* v. *Buchan*, 76 id. 386, 390; *Burnham* v. *Brennan*, 42 Sup. Ct. 79.) Damages for the conversion of property may be reduced by proof of the return of the property to the owner, or that it had subsequently to the conversion been sold under process of law issued against the owner. (*Ball* v. *Liney*, 48 N. Y. 614; *Higgins* v. *Whitney*, 24 Wend. 379; *Sherry* v. *Schuyler*, 2 Hill, 204; *Vosburg* v. *Welch*, 11 Johns. 175; *Hopper* v. *Higbee*, 3 Zabr. 324.) Neither the facts nor the form of action would allow this plaintiff, in any event, to recover any damages other than those occasioned by the detention from June 30 to August 1. (*Atwood* v. *Lynch*, 37 Sup. Ct. 5; *Stewart* v. *Martin*, 16 Vt. 397–402; *Curtis* v. *Ward*, 20 Conn. 204; *Caldwell* v. *Eaton*, 5 Mass. 399; *Squire* v. *Hollenbeck*, 9 Pick. 551; *Kaley* v. *Shed*, 10 Metc. 317; *Moon* v. *Raphael*, 2 Bing. N. C. 310; *Dailey* v. *Crowley*, 5 Lans. 301.) Nothing short of recovery of judgment in an action for conversion and the satisfaction thereof will divest the true owner of his title. (2 Kent's Com. 388–389; *Ball* v. *Liney*, 48 N. Y. 614; *Lovejoy* v. *Murray*, 3 Wall. [U. S.] 1, 16; *Wright* v. *Ritterman*, 4 Robt. 704; *Butler* v. *Miller*, 1 N. Y. 496, 502.)

RAPALLO, J. There was evidence tending to prove that the plaintiff paid to Halloran, the judgment debtor, a valuable and adequate consideration for the chattels in question, and took them into his possession, and he claimed to be a *bona fide* purchaser for value. On the part of the defense it was claimed that the sale by Halloran was made with intent on his

part to defraud his creditors, and that the plaintiff was chargeable with notice of this intent.

The questions of fraud and notice were submitted to the jury, and the charge of the judge on the question of notice raises the most important question on this appeal.

The judge, at the request of the plaintiff, charged the jury that it was not enough to prove that Halloran, the vendor, intended to defraud his creditors, but that Parker, the plaintiff, must also have partaken of the fraudulent intent, and he added, that the question of fact for them to pass upon was whether or not, under the evidence in the case, if Halloran intended to defraud, Parker partook of that intent, "*or did he have notice of facts in the case* which would awaken the suspicion of a man of ordinary intelligence and caution, and which, if acted upon by him and investigated by him, would have enabled him to have known that Halloran had a fraudulent intent. In that case Mr. Parker would be infected with Mr. Halloran's fraudulent intent." The portion of the charge above quoted was excepted to by the plaintiff's counsel, who further requested the judge to charge that it must be shown that Parker knew of these creditors, and intended to defraud them, which request was refused and an exception taken. These exceptions bring up squarely the question whether the doctrine of constructive notice is applicable to cases of this description, or whether, in order to render a sale for a valuable consideration invalid as against the creditors of the vendor, it is necessary that the vendee should have actual knowledge or belief, or at least actual suspicion that the sale is being made with intent on the part of the vendor to hinder or defraud his creditors.

By the charge as given, and the refusal to charge, the doctrine of constructive notice was applied in all its strictness to the case in hand, and under the rule laid down by the judge, a purchaser of chattels, notwithstanding that he has paid full value for them, and has taken them into his actual possession, and may not in fact have known that the vendor was indebted, or even suspected any fraudulent intent on his part, may be charged as a party to a fraudulent scheme of his vendor,

provided it appears that facts were known to the vendee, which, in the opinion of the jury, should have put a man of ordinary intelligence on inquiry, and investigation would have enabled him to discover the fraud. In other words, although the vendee acted, in fact, in good faith, and did not even suspect fraud, yet, if the jury think he ought, under the circumstances, to have been suspicious, and to have looked for fraud, his innocent confidence in the integrity of his vendor must be punished by the loss of his title, and he must be charged as a party to any fraud which investigation would have disclosed.

There can be no doubt that it is legitimate for the jury in such cases to consider whether the vendee had knowledge of facts pointing to a fraudulent intent or calculated to awaken suspicion, and that actual notice of a fraudulent intent on the part of the vendor need not be established by direct proof. The fact of notice or knowledge may be inferred from circumstances. But if the doctrine of constructive notice is applicable, it is immaterial how the fact is. The jury may be satisfied that the purchaser was, in fact, entirely innocent and free from any guilty knowledge or even suspicion of fraud; but if they find that facts were known to him which were calculated to put him on inquiry, his want of diligence in making such inquiry is equivalent to a want of good faith, and the presumption of notice is a legal presumption which is uncontrovertible. Such is the rule as to constructive notice, and it has been frequently said in adjudged cases that the doctrine should not be extended.

The doctrine of constructive notice has been most generally applied to the examination of titles to real estate. It is the duty of a purchaser of real estate to investigate the title of his vendor, and to take notice of any adverse rights or equities of third persons which he has the means of discovering and as to which he is put on inquiry. If he makes all the inquiry which due diligence requires, and still fails to discover the outstanding right, he is excused; but if he fails to use due diligence, he is chargeable, as matter of law, with notice of the facts which the inquiry would have disclosed. ( *Williamson*

v. *Brown*, 15 N. Y. 354, and cases cited ; *Acer* v. *Westcott*, 46 id. 384 ; 7 Am. Rep. 355.)  The questions in such cases are first, whether the facts were sufficient to put the party on inquiry ; and second, did he fail to exercise due diligence in making the inquiry ?  An affirmative answer to these two questions charges the party with notice as matter of law ; but the notice, in all such cases to be found in the books, relates to some actual outstanding title, lien, or equitable interest.  Such outstanding rights of third parties, though prior in point of time to the title acquired by a purchaser, are often cut off by the operation of the recording acts, and the doctrine of constructive notice has been most frequently applied to that class of cases so as to deprive the purchaser of the protection which those acts afford to purchasers in good faith and without notice.

We have not been referred to any case where the doctrine of constructive notice has been applied so as to charge a purchaser of land, who has paid a valuable consideration and was, in fact, innocent of any guilty knowledge, with notice that his grantor made the conveyance with intent to defraud creditors at large, having no special lien or equity.  The case of *Baker* v. *Bliss* (39 N. Y. 70) is cited as an authority to that effect, and the head note gives it that interpretation.  But an examination of the case shows that the purchaser was charged with constructive notice, not of an intent of his grantor to defraud creditors generally, but with constructive notice of a resulting trust in favor of the creditors of the husband of his grantor. The purchaser took a conveyance from the wife of one Bliss. The sale was negotiated by Bliss ; part of the consideration was a past-due indebtedness of Bliss to the purchaser.  As stated in the opinion of WOODRUFF, J., the purchaser had been informed that it was claimed and supposed that Bliss had paid part of the consideration money on the conveyance of the property to his wife.  He knew that Bliss owed debts ; had heard that the firm of which he was or had been a member had failed ; and if the facts were as he knew that they were supposed and claimed to be, then there was, by force of the statute, a resulting trust for the creditors of Bliss, and he knew

there were such creditors. These facts, with others, were held sufficient to charge him with notice of the trust for the creditors. The facts come very nearly if not quite up to actual notice of the trust, though the doctrine of constructive notice is fully discussed in the case.

In the later case, however, of *Stearns* v. *Gage* (79 N. Y. 102), it is expressly held that the doctrine of constructive notice cannot be applied to defeat the title of a purchaser of real estate for value, on the ground that the vendor made the conveyance with intent to defraud his creditors, but that under the provisions of the statute (2 R. S. 137, §§ 4 and 5), actual notice of such fraudulent intent of the vendor is requisite. The same statutory provisions are applicable to purchasers of personal property, and under the case cited are sufficient to dispose of the present controversy.

In the case of *Reed* v. *Gannon* (50 N. Y. 345) the doctrine of constructive notice was applied to the case of a transfer of personal property. But the notice imputed in that case was not notice of intent of the vendor to defraud his creditors generally, but of a specific lien existing by way of mortgage on the property sold, and the notice was imputed from the language of the instrument of transfer, which recognized the existence of liens upon the property, which liens the transferee assumed, and consequently the duty was cast upon him of inquiring as to the nature and extent of the liens. We think that in cases like the present where an intent to defraud creditors is alleged, the question to be submitted to the jury should be whether the vendee did in fact know or believe that the vendor intended to defraud his creditors, not whether he was negligent in failing to discover the fraudulent intent, and that on general principles, independently of the statute, the same rules are applicable in such cases as are applied for the purpose of determining the *bona fides* of a holder of commercial paper, viz., that the question is not whether the holder took the bill or note without exercising sufficient prudence and care, but whether he received it under such circumstances as to charge him with receiving it *mala fide*, and that unless he is fairly chargeable

with notice of the fraud, even negligence will not defeat his title.

Both in England and in this State, up to a certain period, the doctrine of constructive notice was applied to transfers of commercial paper, and any facts sufficient to put a purchaser of negotiable paper on inquiry were held sufficient to defeat his claim to be a *bona fide* holder, if he neglected to make the proper inquiries. In England this doctrine was overthrown in the cases of *Crook* v. *Jadis* (5 B. & Ad. 909), *Backhouse* v. *Harrison* (id. 1098), and *Goodman* v. *Harvey* (4 Adol. & Ell. 870), and the law was declared that actual *mala fides* must be shown to the satisfaction of the jury to deprive a holder for value of the character of a *bona fide* holder, and that negligence in not inquiring into facts which ought to have put him on inquiry is not sufficient. In *Pringle* v. *Phillips* (5 Sandf. S. C. Rep. 157), the doctrine of constructive notice as formerly applied to transfers of negotiable paper was applied to a sale of merchandise by one who had obtained it by fraud, to a purchaser for value who claimed to be a *bona fide* purchaser, and the later cases in the English courts rejecting the doctrine of constructive notice, and requiring actual notice or *mala fides* to deprive one of the character of a *bona fide* purchaser, which were cited on behalf of the purchaser, were reviewed in an elaborate opinion by DUER, J., who refused to follow them, declaring them an unwarrantable alteration of the law as established by a long series of decisions. This case was followed in 1854, in *Danforth* v. *Dart* (4 Duer, 101). But in the later cases of *Magee* v. *Badger* (34 N. Y. 247) and *Belmont Branch Bank* v. *Hoge* (35 id. 65) the recent English doctrine in respect to transfers of commercial paper, which was rejected by Judge DUER, was authoritatively adopted by this court, and it was held that circumstances sufficient to put the purchaser on inquiry were not sufficient to deprive him of the character of a *bona fide* holder ; that he was not bound to be on the alert for circumstances which might possibly excite the suspicions of wary vigilance, and that the rights of the holder were to be

determined by the simple test of honesty and good faith, and not by a speculative issue as to diligence or negligence.

The cases of *Pringle* v. *Phillips* and *Danforth* v. *Dart,* in so far as they rest upon the rules formely applied to transfers of commercial paper, must consequently be regarded as overruled by the cases last cited.

We see no reason why the same principle as to what constitutes a *bona fide* purchaser should not apply to purchasers for value of personal property, as are applied to transferees of negotiable paper, especially where, as in the present case, the vendor's title and legal right of disposition are unquestioned, and the ground upon which the transfer is impeached is not any defect in the chain of title, but that the vendor's motive in selling was to hinder, delay or defraud his own creditors. In such a case there is no duty of active vigilance cast upon the purchaser, for the benefit of creditors of the vendor, which should require him to suspect and investigate the motives of the vendor. If he knows or believes them to be fraudulent, he has no right to aid the vendor in his fraudulent scheme, and by so doing he makes himself a party to the fraud. But fraud should not be imputed by the application of the strict rules of constructive notice in such a case, and actual good faith should be sufficient to protect the purchaser. If it were necessary to distinguish the present from the cases of *Pringle* v. *Phillips* and *Danforth* v. *Dart,* the distinction is found in the circumstance that in those cases the plaintiff claimed to be the true owner of the goods, and to have been defrauded of them by the vendor of the defendant. Whether the doctrine of constructive notice should be applied in such cases, it is not necessary to decide for the purpose of determining the question now before us.

The judgment should be reversed and a new trial granted. costs to abide the event.

All concur.

Judgment reversed