the trust. The assignment may be deemed to have been made to the incumbent of the office, in his individual, and not in his official, capacity. We are unable, therefore, to perceive upon what legal or equitable ground the other creditors have any claims upon these accounts, or their proceeds. See Bump, Fraud. Conv. 213, 405; Dunham v. Whitehead, 21 N. Y. 131. Indeed, the transaction may be considered as equivalent to a levy by the sheriff. The sheriff, by virtue of this assignment, became a trustee of an express trust, and may sue in his own name for the benefit of the real party in interest; and so may the latter sue in their own names. Cumming v. Brown, *43 N. Y. 514, 524; Wetmore v. Hegeman, 88 N. Y. 69.

The judgment should be affirmed, with costs. All concur.

---

COOPER MANUF'G CO. v. WARNER et al.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

1. SALE—RESCISSION—FRAUD OF BUYER.
    A fraudulent intent on the part of the buyers of goods, so as to justify a rescission by the seller, is shown by evidence that before the purchase the buyers had assigned all their accounts, for an alleged indebtedness, and before the delivery of the goods in question they had been sued on a claim to which they had no defense, and which they had no means of paying, and that during such state of affairs they transferred all their stock in trade, including the goods in question.

2. SAME—SUBSEQUENT PURCHASER IN GOOD FAITH.
    In an action to recover possession of goods sold to defendant by one G., who had purchased them from plaintiff at a time when he had no reasonable ground to believe that he would be able to pay for them, it is a question for the jury whether defendant acted in good faith, as in that event he would be entitled to the goods, to the extent of the consideration paid therefor by him.

Appeal from circuit court, New York county.

Action by the Cooper Manufacturing Company against John Warner, Abraham A. De Forest, James Snyder, and James Roulds. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. J. Myers, for appellants.
A. Blumensteil, for respondent.

VAN BRUNT, P. J. This action was brought to recover the possession of certain merchandise sold by the plaintiff to the firm of Gerrish & Co., upon the ground of fraud upon the part of Gerrish & Co. in making the purchase. It appeared from the evidence that, after the delivery of the goods in question, Gerrish & Co. sold their stock in trade to the defendants Warner, De Forest & Co., for the consideration of $1,000 in cash, a note at three months for $3,355.53, the assumption of certain liabilities of Gerrish & Co. by Warner & Co., and the payment of certain antecedent debts due by the former

to the latter. There seems to have been ample evidence to justify the verdict of the jury that, at the time of the purchase of the goods in question, Gerrish & Co. had no reasonable ground to believe that they would be able to pay for the same. Long prior to the purchase they had assigned all their accounts to one Barnes, for an alleged indebtedness; and prior to the delivery of any of the goods, and the purchase of a considerable portion thereof, they had been sued by another importunate creditor upon a claim to which they had no defense. They had no means to meet this obligation, and they must have known that, when the time for the entry of judgment in that action came, their business must cease. This was the condition of affairs when the goods were received, and it would appear that in anticipation of the entry of this judgment the arrangement with Warner & Co. was made, by which they transferred all their stock in trade, including the goods received from the plaintiff, which still remain in the original package. Under these circumstances, as already observed, there was ample ground for a finding of the jury that Gerrish & Co. had no reasonable ground to believe when they purchased the goods in question that they would be able to pay for the same. This rendered the sale a fraudulent one, which the plaintiff had a right to rescind, and to recover the goods, as against Gerrish & Co., or any other person who was not a bona fide holder for value.

This brings us to the consideration of the second proposition, which is as to the relations of the defendants Warner & Co. to the goods in question. As has been said, Gerrish & Co. transferred all their stock in trade to the defendants for a present consideration of $1,000, a note of $3,355.53, the assumption of certain liabilities, and the payment of certain antecedent debts due from Gerrish & Co. to the defendants. If Warner & Co. acted in good faith, they were certainly the holders of the merchandise in question for value, to a considerable extent. Assuming the fact to be that the present consideration was not equal to the full value of the goods, this does not entirely invalidate the sale, but the purchaser is entitled to be considered as a bona fide purchaser pro tanto. This being the condition of affairs, what were the rights of Warner & Co. at the time the demand was made upon them for the goods in question, and at the time of the commencement of this action? They being bona fide holders to the amount of the present consideration, they were entitled to retain all the goods until they were reimbursed that which they had in good faith paid out upon becoming the purchasers thereof. Hence the plaintiffs were not entitled to the actual possession of the goods in question at the time of the making of the demand and of the bringing of this suit. It is no answer to say that subsequently Warner & Co., by the subsequent sale of the goods in question, realized sufficient to indemnify them as far as their cash advances were concerned. It might very well have been that creditors of Gerrish & Co., who have sold goods to them, had claims of a similar character against that firm, for goods bought under similar circumstances, and which Warner & Co. would have to surrender if the plaintiffs in this action had a right to call for the delivery of

the goods sold by them. And thus Warner & Co., although bona fide purchasers to a certain extent, might be stripped of all the goods they had purchased, without any indemnity whatever for that which they had parted with in good faith upon the receipt of such goods from Gerrish & Co. It will thus be seen that, if the plaintiffs had any rights against Warner & Co., they could not enforce them by an action at law in the nature of replevin, which is entirely a possessory action, and which depends upon the right to immediate possession of the goods in question, upon the part of the plaintiff. The rights of creditors and of Warner & Co. might have been settled in an action in equity in which all the parties' rights might have been protected, and thus the plaintiffs, if entitled to reimbursement in full, or to a return of their goods, might have had that remedy afforded them. But, until Warner & Co. had been reimbursed the amount which they had advanced in good faith upon the purchase of these goods, an action of replevin could not possibly be maintained. It was error, therefore, for the court to take away from the jury the question as to the good faith of Warner & Co. In the disposition of the preceding proposition, the court has assumed that Warner & Co. acted in good faith. It may be that upon a consideration of the whole evidence a jury might find otherwise. But the question of the good faith of Warner & Co. was not submitted to the jury. It was expressly taken away from them upon the ground that since the commencement of the action, by the sale of the goods received by them, they had been reimbursed for the advances in cash which they had made at the time of the receipt of the bill of sale. As already stated, the question as to what was done subsequent to the commencement of the action cannot affect the rights of the parties. The point is, were the plaintiffs entitled to a delivery of the goods at the time they made their demand upon Warner & Co.? If Warner & Co. were purchasers in good faith, they had not been reimbursed for the money which they had advanced; and consequently they had a right to hold these goods, as well as others, and were justified in refusing to comply with the plaintiff's demand.

Under these circumstances, we think the court erred in refusing to submit the question of the bona fides of Warner & Co. to the jury; and for this error the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants, to abide the event. All concur.