FRISCHMAN et al. v. MANDEL et al.

(Supreme Court, Appellate Term. March 24, 1899.)

REPLEVIN—EVIDENCE.

Defendant in replevin had purchased certain goods under an agreement that he should return them if he could not sell them, and that, if he had sold them, he should pay plaintiffs. Plaintiffs thereafter brought replevin against defendant, making a purchaser from him a co-defendant. *Held*, in order to maintain the action, that plaintiff must show that such purchaser was not a bona fide purchaser, and also a proper demand on him for their return.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Bernard Frischman and Adolph Schlesinger against Morris Mandel and William Fetterer. Judgment for plaintiffs against defendant Fetterer, and he appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

August P. Wagener, for appellant.
David Hershfield, for respondents.

FREEDMAN, P. J. This action is in replevin, and the plaintiffs recovered a judgment against the defendant Fetterer for the recovery of the possession of two suits of parlor furniture, or, in case a return of the property could not be had, the value thereof, amounting to $67.50. The defendant Mandel was not served with process, and did not appear in the case. The pleadings were oral, but the affidavit upon which the requisition in this action was granted, and which is required by the statute in actions of this kind, does not allege a wrongful taking of the property in question, and only alleges a wrongful detention thereof, as against the defendant Mandel.

In an action of replevin, where the taking is alleged to be wrongful, no demand for the return of the property before bringing the action need be averred; but, where the action is founded upon a wrongful detention, a demand for the return of the property must not only be alleged, but proven. No demand upon either of the defendants in this action was shown to have been made. Under the circumstances of the case, as shown by the testimony, it would appear that the plaintiffs were not only required to show a demand upon the defendant Fetterer, but would also have been compelled to show that he (Fetterer) was not an innocent purchaser for value. The plaintiffs were informed by Mandel, when he obtained the property from them, that he (Mandel) intended to sell it. Frischman, one of the plaintiffs, testified that when Mandel got the goods, he

(Mandel) said, "If I sell them [the goods], I will pay you for them; if not, you can have your goods back." Mandel, it appears, did sell the goods to Fetterer. Proof that Fetterer was not a bona fide pur-·chaser for value of the goods, and that a proper demand for their return was made, became necessary, on the part of the plaintiffs, in order to maintain this action. Nothing of this kind was attempt-·ed by plaintiffs. The testimony that a receipt, marked as an exhibit, but which does not appear in the record, contained the words "On consignment," is of no value. A consignee may, and in this case did, have a right to sell. It may also be said that the defendant Fetterer was shown, by uncontradicted testimony, to be a bona fide purchaser for full value, and without notice of existing claims against Mandel or liens against the property. Judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

