(29 Misc. Rep. 593.)

### GOWING et al. v. WARNER et al.

(City Court of New York, General Term. November 16, 1899.)

1. RESCISSION OF SALE—BONA FIDE TRANSFEREE.

A vendor can, on rescission of contract of sale, recover goods from the transferee of a purchaser, where the latter purchased with no intention of paying for them, and the transferee had notice of the purchaser's intentions, and, as a part of the consideration for the transfer to him, canceled a debt owing to him by the purchaser, as he is not a bona fide purchaser.

2. MOTION TO DISMISS—GROUNDS—EXCEPTIONS.

A motion for nonsuit is properly denied where it does not point out the defects relied on, and an exception to the denial of such motion will not authorize the review thereof on appeal.

Appeal from trial term.

Action by Henry A. Gowing and others against John Warner and others. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

L. A. Serviss, for appellants.

Gruber & Bonynge, for respondents.

CONLAN, J. This is an appeal from a judgment entered upon a verdict in favor of the plaintiffs, and from an order denying a motion for a new trial. This is an action to recover certain chattels, or their value, with damages for detention of the same. The answer was a general denial, and it affirmatively alleged that the defendants had in good faith bought the goods, without collusion, and without fraud or notice of the plaintiffs' claim. The plaintiff firm were commission dealers, and in August and September, 1893, had dealings with the firm of Gerrish & Co., to whom they sold goods of the value of $1,202.70. On October 7, 1893, Gerrish & Co. executed a bill of sale to the defendants of all the goods in the former's store, at 30 Howard street, New York City, and the latter subsequently assumed control, and disposed of the same to other persons. Prior to the sale by Gerrish & Co. to the defendants, the firm of Gerrish & Co. had hypothecated or in some way assigned all of their book accounts to one Barnes as security for loans; and in the event that these accounts, when paid, should not cancel this indebtedness, Barnes was to have recourse to the goods in the store for any sum remaining unpaid. The consideration for the transfer to the defendants was made up of $1,000 in cash, $3,555.54 represented by the loans, and the balance by accounts due from Gerrish & Co. to the defendants and others; making a total of $16,144.22 as the consideration expressed in the bill of sale. It appears that Gerrish & Co. on the 14th day of October, 1893, permitted a judgment to be taken against them by a creditor for goods sold and delivered amounting to $756.43; on the 5th of November, 1893, they permitted judgment to be entered in favor of another creditor for $769.76; and on the 19th day of November,

1893, another judgment in favor of another creditor for $411.08. Executions upon all of these judgments were returned unsatisfied. The statement accompanying the bill of sale to the defendants also showed various claims of other creditors, which it was claimed were assumed or paid by the defendants as a part of the consideration. Francis T. Gill, an employé of the defendants, and a witness for the plaintiffs, testified as follows with reference to the credit obtained by Gerrish & Co. from the plaintiffs:

"Mr. Sawyer, one of the plaintiffs, called and introduced him to Mr. Warner, one of the defendants, who had spoken to me before of the Gerrish matter. On this second visit I introduced him to Mr. Warner. They talked for a while, and Mr. Sawyer made known his business to Mr. Warner; and in a general way, as my memory serves me now, Mr. Warner told Mr. Sawyer that Gerrish & Co. were all right; that they had been selling them. And, further than that, I don't remember."

This was in August or September, 1893; and it will be recalled that the transactions between plaintiffs and Gerrish & Co. were in August and September, 1893.

The defendants' attorney was called as a witness for the plaintiffs, and declared, among other things, that he drew the bill of sale of October 9, 1893, and that at that time the books of account of Gerrish & Co. were in the hands of the defendants. The defendants, therefore, at the time of the bill of sale, were in a position to know all of the indebtedness of Gerrish & Co., including the amount owing to the plaintiffs. Further on he says he also prepared a bill of sale dated October 7, 1893, an assignment of the lease of the store, same date, and a statement (being the original statement), and that these were executed in his presence; that, after these papers were executed, they (Gerrish, John Warner, and the witness) went to a near-by restaurant, and there the witness said to Gerrish, "Now, Gerrish, is there any claim, lien, chattel mortgage, or incumbrances of any kind against this stock of goods or the store fixtures?" And Gerrish replied, "I suppose there is." To the question by the witness: "What do you mean by the words, 'I suppose there is'? There either is or is not, and, if there is, we want to know it,"—Gerrish replied that he had assigned his books of account to W. D. Barnes & Co. as collateral for the advance of $14,-000, and that he had given him a sort of an assignment or warehouse receipt on the goods in the store. Serviss then stated that he did not see how the transaction could go through, but Mr. Warner insisted upon its going on; and then the other papers were prepared, dated October 9, 1893, and executed. Gerrish & Co. were composed solely of the wife of Albert G. Gerrish, and the latter managed the business for her.

We have at some length thus gleaned the state of facts and circumstances which surround this case, and by which, in accordance with the principles of law as they shall be applied to the same, the judgment appealed from must stand or fall.

Among the questions submitted to the jury in the charge of the trial justice were the following:

"I charge you that, if you find that Gerrish & Co. bought these goods with the intent not to pay for them, then the sale would be a fraudulent one, which

the plaintiffs had a right to rescind, and they would have a right to recover the goods, as against Gerrish & Co., or any other person who was not a bona fide holder for value; and that brings you down to the second question necessary for you to determine here: Was Mr. Warner's firm a bona fide holder for value? You will ask yourselves this question, as I charge you under the pleadings as filed: Did Warner, when he made this purchase and took the bill of sale, have notice of the fraud of Gerrish & Co., as against these plaintiffs, so as to make Warner's firm not a bona fide purchaser or holder for value? Upon that question, and as upon the first question, whether Gerrish & Co.'s purchase was in fact fraudulent, and with intent not to pay for the goods, you will regard all of the elements of proof which have been adduced before you."

The jury had before them all of the facts and circumstances detailed above, and which it will not be necessary to repeat. In the course of the charge, certain requests were submitted from the defendants' counsel, and these were all supposed to be favorable to the defendants' contention; and the exceptions to such as were refused were taken, it is believed, to the refusal to charge in form as submitted, because the court had charged the broad proposition which it intended to be the guide to the jury in its office of determining the issues. This is apparent from the record before us. We think there was evidence, which was brought to the knowledge of the defendants by the statements of the witnesses Serviss and Gill, of the fraudulent character of the dealings of Gerrish & Co. with the plaintiffs, and are of the opinion that the language employed by Mr. Justice Van Brunt in Cooper v. De Forest, 5 App. Div. 43, 38 N. Y. Supp. 1038, is for that reason not applicable to the case at bar; for with this knowledge the defendants could not protect themselves against the claims of the plaintiffs, though they had a right to recover the goods, or their value, in the form of the action brought by them. It is not exactly the act of a vigilant creditor securing himself against loss, but it becomes, rather, an effort made to protect one's self at the expense of another, and with full knowledge of the wrong done to the sufferer; and this the law will not sanction. The jury, therefore, having before it all of the evidence, determined the questions submitted and the issues in favor of the plaintiffs, and we are not disposed to disturb their finding.

At the close of the plaintiffs' case the following occurred: "Defendants' Counsel: We ask your honor to dismiss the complaint. (Motion denied. Defendants except.)" And at the close of all the testimony the following: "Defendants' Counsel: We ask your honor to direct a verdict for the defendants on the grounds before stated. (Motion denied. Defendants except.) Defendants' Counsel: We ask your honor to dismiss the complaint on the grounds before stated. (Motion denied. Defendants except.)" We have given the precise words as they appear in the record, and no grounds whatever are shown or stated for either ruling asked for. It was said in Quinlan v. Welch, 141 N. Y., at page 165, 36 N. E. 12,—and so the courts have uniformly held,—that a motion for a nonsuit or to dismiss the complaint, to be effectual, must specify the defects supposed to exist. The exception to the ruling was therefore without effect to the defendants, and in consequence the court, upon appeal, is prevented from considering whether the

defendants were entitled to judgment, as was said in Pollock v. Iron-Works Co., 157 N. Y. 699, 51 N. E. 979; and to the same effect is the ruling in Meyer v. Home Co., 25 Misc. Rep. 686, 55 N. Y. Supp. 566, where the court, on appeal, was asked to review the facts, and held that it was without the faculty to do so, and for the reasons stated. We have not found in the record or in the verdict anything which commends the case to us as one where a different determination is called for, and are therefore of the opinion that the judgment and order appealed from must be affirmed, with costs. All concur.