GOWING et al. v. WARNER et al.

(Supreme Court, Appellate Term.  February 23, 1900.)

1. FRAUDULENT SALES—TRANSFEREE—BURDEN OF PROOF.

A transferee of goods, which his transferror procured by false and fraudulent representations as to his solvency, has the burden of showing, in an action by the seller to recover possession, that he is a bona fide purchaser for value.

2. SAME—KNOWLEDGE OF TRANSFEREE.

A transfer of all of a debtor's stock in trade for value, with intent to hinder or delay his creditors, will not be set aside unless the buyer had notice of such fraudulent intent.

3. SAME—ADEQUATE CONSIDERATION—QUESTION FOR JURY.

In an action by one from whom goods had been purchased, and the sale of which he was induced to make by false and fraudulent representations, to recover the possession thereof or their value, the transferee of the buyer testified that he bought them for 75 per cent. of the inventory price, and also testified that he did not realize from the sale thereof what he paid therefor.  There was no testimony showing under what circumstance the transferee sold them.  *Held*, that the question whether the transfer was for an adequate consideration was for the jury.

4. SAME—BONA FIDE TRANSFEREE—KNOWLEDGE OF MEMBER OF FIRM.

Where one of the members of a firm who purchased the stock of another, sold for the purpose of defrauding creditors, had knowledge of the seller's fraudulent intent, creditors of the seller can recover them from the buyer, though some of the firm had no knowledge of the fraudulent intent.

5. WITNESS—INTERESTED PARTY.

Testimony of an interested party is not conclusive on a jury, but may be disregarded by them.

6. REPLEVIN—PLEADING.

Under Code Civ. Proc. § 1721, providing that, where the complaint in an action of replevin contains a sufficient statement of the plaintiff's title, a general allegation that the defendant wrongfully took the chattel is sufficient, without setting out the facts showing that the taking was wrongful, and that where the taking is not complained of, but the action is founded on its wrongful detention, the complaint must set forth the facts showing that the detention was wrongful, a complaint in replevin by a seller of goods against a transferee of the buyer to recover the same after a rescission, on the ground that the transferee took with knowledge that plaintiff was induced to sell by the fraudulent representations of the buyer, need not allege facts showing the wrongful detention.

7. FRAUDULENT SALES—RESCISSION—ACTION—INSTRUCTIONS.

In replevin by a seller of goods against a transferee of the buyer to recover possession after rescission, on the ground that the sale was induced by the false and fraudulent representations of the buyer, refusal to instruct that the transferee, though he did not pay full value, is entitled to a verdict for the amount paid, on return to plaintiff of the goods, is not error, where the jury found that the transferee took with knowledge of the buyer's fraudulent intent.

8. TRIAL—INSTRUCTIONS.

It is not error for the trial court to refuse to repeat an instruction already given.

Appeal from city court of New York, general term.

Action by Henry A. Gowing and another against John Warner and others to recover the possession or value of certain goods obtained by fraud.  From a judgment of the general term of New York City court (61 N. Y. Supp. 500), affirming a judgment in favor of plaintiffs, defendants appeal.  Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

L. A. Serviss (Emanuel J. Myers and Leonard Bronner, of counsel),
for appellants.

Gruber & Boynge (Abraham Gruber and T. B. Chancellor, of coun-
sel), for respondents.

GIEGERICH, J. The action is to recover possession of certain
goods or their value, the sale and possession of which, it is alleged,
were induced by the fraudulent representations of Gerrish & Co. to
the plaintiffs as to the former's financial responsibility. The de-
fendants claim title under a bill of sale whereby the said firm
sold to them their stock in trade, including the goods received from
the plaintiffs, for $16,144.22, payable as follows: $1,000 in cash;
defendants' promissory note for $3,355.53, payable in three months;
the satisfaction or discharge of an indebtedness of the said firm to
the defendants amounting to $3,554.87 for goods sold and delivered;
and the balance by assuming certain debts and obligations owing
by Gerrish & Co. to certain persons named. The uncontroverted
proof amply supports the finding of the jury, as is assumed from
their verdict that the sale of the goods in suit was induced by the
fraudulent representations of said firm as to its pecuniary responsi-
bility, and that when purchasing they had no reasonable ground to
believe that they would be able to pay. For the purpose of inducing
the plaintiffs to make the sale, Gerrish & Co. stated to one of them
(Sawyer) that the financial condition of the said firm was in better
condition than the year previous, and that its indebtedness had been
reduced, and was not over $8,000; referring Sawyer to the defendant
Warner, since deceased, who was then a member of the defendants'
firm, for confirmation of the truth of these representations, he hav-
ing lately gone through its books, and being familiar with its condi-
tion, according to statements then made by the said firm. Warner,
when called upon by Sawyer, stated, in response to a question put
by the latter touching Gerrish & Co.'s condition, "that Gerrish & Co.
were all right." After the delivery of the goods, the plaintiffs dis-
covered that the representations so made to them were false, and,
upon making such discovery, they brought this action. It appears
from the evidence that at the time these representations were made
the indebtedness of Gerrish & Co. greatly exceeded $8,000, and that
they were hopelessly insolvent. The payment of the claim of one
of the creditors, the William D. Barnes Commercial Company, amount-
ing to $14,000, for money loaned and advanced long prior to the
sale of the goods in controversy, had been secured by the transfer to
it of all the firm's accounts. The firm at the time of such sale was
also indebted to three different concerns in sums amounting in the
aggregate to $1,825.54, and to the Agawam Manufacturing Com-
pany in the sum of $4,000, of which $2,000 had matured at that
time. When such goods were purchased, or shortly thereafter, ac-
tions were commenced against the firm by creditors for debts con-
tracted a long time prior thereto, to which no defense was inter-
posed, and judgments were entered by default, which were not paid.

The goods in suit were purchased despite the fact that Gerrish & Co. knew they would probably all be seized under executions issued on such judgments. In this situation, of which the defendants seem to have been fully advised, and, as it would appear, in anticipation of the entry of these judgments and the issuance of executions thereupon, the said firm transferred to the defendants all its stock in trade, including the goods in question.

The plaintiffs having thus proved fraud in the purchase of the goods in controversy by Gerrish & Co., they were entitled to rest, even as against the defendants, upon whom then devolved the burden of showing affirmatively that they were bona fide purchasers for value. Devoe v. Brandt, 53 N. Y. 462; Moyer v. Bloomingdale, 38 App. Div. 227, 56 N. Y. Supp. 991. The plaintiffs, however, before resting, had already presented sufficient proof from which it might fairly be inferred that the defendants had knowledge of the fraudulent intent on the part of their transferrors to hinder or defraud their creditors when they transferred to them their entire stock in trade.

The defendants sought to show their good faith in the transaction by the testimony of one of their number (De Forest), regarding the consideration given for such transfer, to the effect that he had no knowledge of the sale of the goods in question by the plaintiffs to their transferrors, and by the further testimony of their salesman respecting the amounts realized upon the sale of the stock, and from collections of book accounts, and the disposition made of the same, and that the goods so transferred were taken at 25 per cent. below the invoice price thereof. Where property is transferred as well for a present advance as to secure an antecedent debt, the transferee is protected under the rule applicable to the purchase by a third person for a new and valuable consideration (Hyde v. Bloomingdale, 23 Misc. Rep. 728, 730, 51 N. Y. Supp. 1025), which rule is that a transfer of property for value will not be vitiated unless the purchaser had notice of the fraudulent intent of the seller to hinder or defraud his creditors (Parker v. Conner, 93 N. Y. 118; Bush v. Roberts, 111 N. Y. 278, 18 N. E. 732; Wilson v. Marion, 147 N. Y. 589, 42 N. E. 190). There is thus presented for consideration the questions whether the defendants paid a fair consideration for the stock in trade so transferred to them, and whether, when they accepted such transfer, they had knowledge of the intention of Gerrish & Co. to defraud their creditors.

The evidence respecting the first proposition does not, in my opinion, conclusively show that full value was given for the goods so transferred. There were many circumstances from which inferences to the contrary might be drawn. Thus, it appears from the defendants' own evidence that such goods were taken at 25 per cent. below the inventory price. True, they did not even realize that price, but the record fails to disclose the time when, and the manner in which, they were sold, and what efforts, if any, the defendants made to obtain the best prices therefor. Under these circumstances, the question whether or not the transfer was for valuable consideration was for the jury. Bagley v. Bowe, 105 N. Y. 171, 11 N. E. 386.

Assuming, however, that the state of the evidence was such that the jury had no other alternative but to find that the price paid for such transfer was adequate, there nevertheless remains for consideration the sufficiency of the evidence adduced with respect to the defendants' alleged knowledge of the fraudulent intention of their transferrors. While clear evidence of the existence of a fraudulent intent is necessary to overcome the presumption of honest motives arising from the payment of a fair consideration (Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Nugent v. Jacobs, 103 N. Y. 125, 8 N. E. 367), yet the plaintiffs were not required, even if such payment had been shown, to establish by direct proof that the defendants had actual notice of the fraudulent intention on the part of their transferrors, but such fact may be inferred from the circumstances surrounding the entire transaction (Parker v. Conner, supra; White v. Benjamin, 150 N. Y. 258, 265, 44 N. E. 956). As was said by Vann, J., who spoke for the court in the last-cited case (page 265, 150 N. Y., and page 958, 44 N. E.):

"Fraud is one of the broadest issues known to the law, for it can seldom be proved by direct evidence, but is dependent upon circumstances which, separately considered, may be quite immaterial, but have, combined, great persuasive force. 1 Whart. Ev. § 33. The facts on an issue of commercial fraud are frequently drawn with difficulty from hostile witnesses, whose effort is to conceal as much and reveal as little of the truth as their conscience and skill will permit."

The latter portion of these remarks is peculiarly applicable to the case at bar, and especially to the testimony given by the attorney for the defendants, who, when called to the stand by the plaintiffs, testified that when he drew the bill of sale the books of account of Gerrish & Co. were in the defendants' hands.

It would seem from this testimony, as well as from other facts, which need not be detailed, that the defendants, or some of them, had knowledge of the said fraudulent intention of their transferrors when they transferred their entire stock in trade to them.

While the record fails to disclose any evidence of De Forest's participation in the fraud, he is nevertheless bound by the knowledge which his partners may have had of the fraudulent intention of Gerrish & Co. to hinder or defraud their creditors. 2 Bates, Co-Partn. §§ 389-393, and citations. At all events, under the circumstances, it was incumbent upon all the defendants to show that they did not know of the fraudulent motives of their transferrors. This they failed to do. As seen, the nearest approach thereto was the testimony of the defendant De Forest to the effect that he did not know of the purchase of the goods in controversy by the said firm from the plaintiffs, but no testimony whatever was offered that neither of the defendants had any knowledge or belief that the transfer to them by Gerrish & Co. was made with intent to hinder or defraud the creditors of the latter. Apart from this, the testimony of De Forest, by which the defendants endeavored to show that they did not have such knowledge, being that of an interested party, was not conclusive, and the jury were at liberty to disregard it. Moyer v. Bloomingdale, supra.

The question of the bona fides of the transaction was fairly sub-mitted to the jury, upon all the evidence, which warranted them in finding, as they did, that when the transfer in question was made the defendants knew that their transferrors intended to defraud their creditors, that the defendants participated in and actually fur-thered such fraudulent design, and hence that they were not bona fide transferees for value.

The sufficiency of the amended complaint was directly challenged upon the trial by the defendants, who unsuccessfully sought to ex-clude testimony tending to show knowledge on their part of the fraud perpetrated by Gerrish & Co. against the plaintiff in the orig-inal purchase of the goods in suit, as well as the circumstances under which such goods came into their possession. The defendants ex-cepted to such ruling, and likewise to the denial of the motion to dismiss the complaint made when the plaintiffs rested, and renewed at the close of the case. As already observed, the plaintiffs, upon proving the fraud of Gerrish & Co. in purchasing the goods in ques-tion, cast upon the defendants the burden of proving the bona fides of the said transfer, and hence were not called upon to give any tes-timony upon this head until the latter had offered evidence as to the fairness of the consideration for such transfer. But, as the objec-tion applies to the original purchase as well as to the transfer in question, a consideration of the point so urged is deemed proper.

The amended complaint alleges that the plaintiffs are the owners of the goods in suit, and entitled to the immediate possession thereof; that the sale and delivery of the goods by the plaintiffs to Gerrish & Co. was made in consequence of the false and fraudulent repre-sentations of the latter to the former and their reliance thereon; that "the defendants obtained possession thereof by virtue of an al-leged bill of sale given to them by the said Margaret J. Gerrish"; and that prior to the commencement of this action the plaintiffs de-manded from the defendants the immediate return of said goods, which they refused, and that the latter wrongfully detain the pos-session of the same from the plaintiffs. The defendants maintain that the said pleading does not comply with the provisions of section 1721 of the Code of Civil Procedure, which provides:

"Where the complaint contains a sufficient statement of the plaintiff's title, a general allegation that the defendant wrongfully took the chattel is suffi-cient, without setting forth the facts showing that the taking was wrongful. Where the taking of the chattel is not complained of, but the action is founded upon its wrongful detention, the complaint must set forth the facts showing that the detention was wrongful."

It is well settled that the taking of goods upon fraudulent repre-sentations is a tortious taking. Acker v. Campbell, 23 Wend. 372; Cobbey, Repl. § 503. Hence the complaint in an action of this char-acter need not set forth the facts showing the wrongful detention.

But, assuming that these views are erroneous, the question is whether the above-cited section of the Code applies to a case like this. That section was enacted as a substitute for 2 Rev. St. 528, pt. 3, c. 8, tit. 12, § 36. See Throop's Annotated Code, note under

section 1721. The section of the Revised Statutes so quoted reads as follows:

"Where the original taking of the goods is not complained of, but the action is founded upon the wrongful detention of such goods, the declaration shall be conformed to the writ, and shall allege, with requisite certainty of time, place and value, that the defendant received the property described in the writ from the plaintiff or from some other person (naming him) to be delivered to the plaintiff when thereunto afterwards requested; and that the defendant, although requested so to do, has not delivered the same to the plaintiff, but refuses so to do, and detains the same property to the damage of the plaintiff."

It will be perceived that the language of the first part of the last-cited enactment is almost identical with that of the last sentence of section 1721 of the Code, supra. These provisions, when read together and compared, clearly evince the legislative intention to limit the application of the latter portion of this section of the Code to a case where the defendant came rightfully into the possession of the chattel, but wrongfully detains the same.

These views are supported by the adjudications in actions to recover the possession of chattels claimed to have been obtained fraudulently, which hold that the complaint need not set forth the facts constituting the wrongful detention of the property. Hunter v. Machine Co., 20 Barb. 493; Bliss v. Cottle, 32 Barb. 322; Chapin v. Bank, 31 Hun, 529; Manufacturing Co. v. Taussig, Id. 563; Desbecker v. McFarline, 42 App. Div. 455, 59 N. Y. Supp. 439. In either aspect, therefore, the complaint states facts sufficient to constitute a cause of action.

Argument is made that the trial justice erred in refusing to instruct the jury that, if they found that any part of the consideration paid by the defendants was paid in good faith, then they were entitled to a verdict, and it is urged that the opinion of the court in Manufacturing Co. v. De Forest, 5 App. Div. 43, 38 N. Y. Supp. 1038, is decisive of this question. In that case, however, the bona fides of the transfer to the defendants by Gerrish & Co. (which is the identical transaction inquired into in this action) was not submitted to the jury, and solely for the reason a new trial was ordered. The remarks of Van Brunt, P. J., who delivered the opinion of the court, as to the defendants being bona fide purchasers pro tanto, are based entirely upon the theory that they acted in good faith in the transaction in question, and therefore have no application to the present case, in which, as we have seen, the jury found that the defendants were not bona fide purchasers for value. In this situation the entire transfer of Gerrish & Co.'s stock in trade to the defendants was wholly void, and consequently any portion of the consideration which in fact may have been paid by the defendants cannot stand as security or indemnity for that portion. Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928.

The defendants insist that error is predicable of the refusal to charge the jury, at their request, that unless the jury found that they had notice of the fraud perpetrated, or claimed to have been perpetrated, by Gerrish & Co., their verdict must be for the defendants; but, as the trial justice had already instructed the jury to the same

effect, he was not required to repeat the instructions upon that subject. The question as to the sufficiency of the form of the motion for dismissal is immaterial, in view of our conclusion upon the merits. For the reasons above stated, the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.