## HOCHBERGER v. BAUM et al.

### (Supreme Court, Appellate Term. December 17, 1903.)

1. REPLEVIN—IDENTITY OF PROPERTY—ADMISSIONS—EFFECT.

   In an action to replevin certain diamonds in the hands of third persons, who had bought the same from the buyer from plaintiff, an admission in a redelivery undertaking of the identity of the goods replevied with the goods sold by plaintiff, though conclusive as to the fact of identity, did not justify the exclusion of evidence concerning the circumstances surrounding the manner of the defendants' possession.

2. SAME—PURCHASER IN GOOD FAITH.

   A seller cannot disaffirm a sale of diamonds, and recover possession thereof from third persons who have purchased the property from the buyer in good faith, without knowledge of the buyer's fraud.

3. SAME—RESCISSION OF SALE.

   Where, in an action to recover certain diamonds by reason of the buyer's fraud, plaintiff only rescinded a part of the sale, and the evidence was contradictory as to the divisible character of the transaction, defendants were entitled to an instruction that the jury should find for all of the defendants if they found that the sale was not divisible, and was but a single transaction.

Appeal from City Court of New York, Trial Term.

Action by Isidore Hochberger against Joseph Baum and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Roger Foster, for appellants.

Max D. Steuer, for respondent.

BISCHOFF, J. Alleging his disaffirmance of a sale of diamonds to the defendant Joseph Baum, for the latter's deceit, the plaintiff replevied the goods in the possession of the defendants Jacob and Herman Baum—parties concededly not connected in business with Joseph—and an undertaking for redelivery was given. Within the authorities, the admission of the identity of the goods replevied with the goods sold to Joseph, as contained in this undertaking, concluded any inquiry into the fact of identity (Martin v. Gilbert, 119 N. Y. 298, 23 N. E. 813, 24 N. E. 460, 16 Am. St. Rep. 823), but the admission bore in no possible way upon the circumstances surrounding the manner of the parties' possession; and yet all evidence sought to be introduced to show the manner in which the possession of Jacob and Herman was derived was excluded at the trial.' If these defendants obtained possession in good faith, as purchasers, without knowledge of the fraud, they were to be protected in their possession (Frischman v. Mandel, 26 Misc. Rep. 820, 56 N. Y. Supp. 1029); and whether the fact of possession required them to negative their knowledge of Joseph's fraud (Gowing v. Warner [Sup.] 62 N. Y. Supp. 797), or not, the issue of good faith was within the pleadings, so far as the plaintiff sought to assail their right of possession for the fraud of another. The exclusion of evidence to show good faith was obviously

¶ 2. See Sales, vol. 43, Cent. Dig. § 674.

error of a prejudicial character, and further error was committed in the refusal to instruct the jury that all the defendants were entitled to a verdict if the sale by the plaintiff to Joseph of the 20 diamonds was found to have been one transaction. There was no dispute, and no room for dispute, upon the evidence, that the rescission was not complete unless the part rescinded were of itself distinct from the asserted sale of 20 diamonds. The plaintiff's own evidence was contradictory as to the divisible character of the transaction, and the defendants were entitled to the instruction requested.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.