HAROLD P. SHAPIRO and Others, Copartners Doing Business under the Firm Name and Style of NEW YORK CLOAK COMPANY, Appellants, *v.* MORRIS WOLF, Doing Business under the Name and Style of COMMERCIAL GARMENT COMPANY, and Others, Respondents.

Supreme Court, Appellate Term, First Department, February 5, 1926.

**Sales — actions between seller and third persons — action in replevin by seller to recover goods obtained upon false representations and found in possession of defendants — good faith of defendants sole point litigated on trial — error to set aside verdict on ground complaint failed to raise issue of good faith where no objection was taken to proof on trial — complaint sufficient without amendment — court on appeal may regard complaint as amended.**

In an action in replevin to recover certain goods obtained from plaintiffs upon false representations and found in the possession of one of the defendants herein, it was error to set aside the verdict and grant a new trial on the ground that plaintiffs' complaint failed to set up the issue of good faith of the defend-

ants where, upon the trial of the action, the sole point litigated, without objection, was defendants' good faith.

While the record does not specifically disclose that the court allowed an amendment to the complaint to conform to the proof " regarding bad faith," said complaint is sufficient under all the circumstances. Moreover, the court on appeal may regard the complaint as amended to conform to the proof.

APPEAL by plaintiffs from an order of the City Court of the City of New York, setting aside a verdict and granting a new trial on the ground that no issue of good faith of defendants was presented by the original pleading and that the ends of justice would be best served by granting a new trial so that the pleadings may be amended and defendants may have due opportunity " to meet any issue of *bona fides* presented."

*Nathaniel H. Kramer*, for the appellants.

*Morris & Samuel Meyers*, for the defendant Silverstein.

PER CURIAM. This action was brought in replevin to recover certain goods sold by plaintiffs to one Wolf and found by plaintiffs in the possession of Aaron Silverstein.

The complaint, after stating that the plaintiffs are the owners and entitled to the immediate possession of certain described chattels, alleges that they were on a date named in possession of the defendant Silverstein, who refused to deliver them to plaintiffs upon due demand.

At the trial it was evidently taken for granted that Wolf had obtained the goods from plaintiffs upon false representations, for upon that point there was very little evidence, and the sole point litigated was the defendants' good faith, plaintiffs testifying in substance that defendants had admitted that he knew all about the transaction, and in substance that he had not given value for the goods.

At the conclusion of plaintiffs' case defendants' counsel moved to dismiss on a number of grounds among which was that there was no allegation of fraud in the complaint, although no objection had been taken to the testimony at any stage of the proceedings and although the complaint appears to be in perfectly good form on the authority of *Gowing* v. *Warner* (30 Misc. 593). Plaintiffs, at the suggestion of the court, moved to amend their complaint to conform to the proof " regarding bad faith." This was manifestly allowable in view of the fact that all of the evidence had been admitted without objection. Moreover, although the court offered to defendants' counsel the opportunity to plead surprise and suggested that he would adjourn the case for that reason, defendants' counsel finally declared: " My client wants to

go ahead." Although the record does not in so many words disclose that the amendment was allowed, the omission is unimportant because the complaint was quite sufficient under the circumstances and because if it had not been, this court on appeal might regard the pleadings as amended to conform to the proof.

Quite apart, therefore, from the question whether the order now appealed from is valid because apparently unjustified by any provision of the Civil Practice Act, the order must be reversed, with costs, and the verdict reinstated.

Order reversed, with costs, and verdict reinstated.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.